## HARDY vs. MILLS.

PARTITION. (1) *Equity will not make partition where legal title is in dispute.*
(2) *When court may refuse to proceed until validity of former decree determined.*

ESTOPPEL. (3) *Immaterial issue in former action not regarded as res adjudicata.*

1. Equity will not interfere to make *partition* of land while the legal title is in dispute.
2. In the *present* suit for a partition, plaintiff relies upon the record in a *former* partition suit between his grantor and this defendant, as estopping the latter from denying the title now claimed by plaintiff. Defendant, by his answer and proofs herein, attacks the validity of the decree in such former partition suit, and denies that he had any notice or knowledge thereof, or that the court acquired jurisdiction over him therein, by service or otherwise. *Held,* that the court did not err in refusing to proceed with the present suit until the validity of such former decree should be determined in an action at law.
3. Plaintiff herein also relies upon an estoppel against defendant created by the record in an action by this defendant against G., plaintiff's grantor, to compel the specific performance of a contract relating to

the land here in question. In that action, G. set up as a bar thereto, the decree in the former partition suit above mentioned, a sale of the premises to him under such decree, and a deed executed to him by the sheriff. The court found *inter alia* (in such suit against G.), that it appeared from the record in such partition proceedings, "that the court in which they were had, had full jurisdiction of that case, * * * and that the summons in that action was in fact served on the present defendant." It further found, however, that said defendant "did not appear in that action, and that his equitable rights under said contract [sought to be enforced] were not in any manner submitted to that court," and that he was not barred, by anything appearing in said record, from maintaining the action for specific performance. *Held*, that the question whether the court acquired jurisdiction of defendant in the former partition suit, by service of process or otherwise, was *not a material issue* in the action for a specific performance, the judgment therein not turning in any way upon it; and therefore that question is not to be treated in *this* action as *res adjudicata*.

APPEAL from the Circuit Court for *Dane* County.

Action for a partition of certain land in La Fayette county, commenced in that county, but removed by change of venue to Dane county. The complaint alleged that the plaintiff owned an undivided three-elevenths of the land, and the defendant an undivided eight-elevenths. The answer denied that plaintiff had any title, and alleged that defendant was the legal owner of eight-elevenths and equitable owner of three-elevenths of the land; that previous to June 2, 1863, defendant owned the legal title to three-elevenths of the land, and a bond of one William W. Gillett for the conveyance of the title to the remaining eight-elevenths owned by Gillett at the date of his bond; that in June, 1863, defendant brought an action on said bond against Gillett for a specific performance, in which action he obtained a decree for a deed, which was executed by Gillett and delivered to defendant. The answer also alleged that about the 2d of June, 1863, Gillett had instituted an action against defendant for a partition of the same land, alleging in his complaint that he owned eight-elevenths and defendant three-elevenths, in which action an order of sale

was had, at which sale Gillett became the purchaser; that defendant had no notice or knowledge of such partition suit, and the same was a gross fraud on his rights; and that said Gillett was the grantor of said three-elevenths of the land to the present plaintiff, who had confederated and colluded with Gillett to defraud defendant, etc. Upon the trial, plaintiff read in evidence a certified copy of the judgment record of the action in the La Fayette circuit court, by William W. Gillett against the present defendant, for a partition of the same land described in the complaint in this action. The record contained an affidavit of Joseph A. Sleeper, Esq., that he had served the summons on *Mills*, June 2, 1863, by delivering a copy to him, and that he knew *Mills* to be the defendant. The record showed the judgment of the court to have been that said Gillett was the owner in fee of an undivided eight-elevenths of the land, and *Mills* of an undivided three-elevenths. It being reported to the court that the premises could not be divided, the sheriff was ordered to sell, at which sale Gillett became the purchaser; and the sale was confirmed by the court, and the sheriff directed to make a deed. Plaintiff then read in evidence a duly certified copy of the sheriff's deed to Gillett, in pursuance of such order; also, a duly certified copy of a deed from Gillett and wife to *Mills* of an undivided eight-elevenths of the land; also a deed from Gillett and wife to this plaintiff, of an undivided three-elevenths.

Defendant testified that no summons in the former partition suit was ever served on him, either by Mr. Sleeper or by any other person; Mr. Sleeper had served him with a paper at that time, but it was not a summons or complaint, but was a notice or memorandum of a proposition for a settlement of three suits pending between himself and Gillett; Sleeper never served him with any other paper, and he never heard of the partition suit until after the sale, when the sheriff told him he had some money for him from the sale. Defendant also put in evidence the judgment record of his action (commenced June 3, 1863),

against William W. Gillett, for a specific performance by the latter of his contract for the conveyance of the land in question. It appeared from this record that Gillett, by a supplemental answer, set up the former partition suit above set forth, and his title thereunder, as a bar to this action for specific performance. It also appears from this record that the court found as follows : "That proceedings in partition were commenced and conducted by the said defendant against said plaintiff, as alleged in his supplemental answer, and that it appears from the record thereof that the court in which they were had, had full jurisdiction of that case, and that the jurisdiction of said court and the record of its proceedings have not been impeached, either by showing want of jurisdiction or for fraud. The summons in that action was in fact served on the said plaintiff. The plaintiff did not appear in that action, and his equitable rights under said contract were not in anywise submitted to that court, and he is not barred from maintaining this action by anything appearing in that record." The court gave judgment for plaintiff for a specific performance of the contract to convey.

Plaintiff, in rebuttal, read the deposition of Joseph A. Sleeper, in which he testified that he was one of Gillett's attorneys in the former partition suit; that he made out the summons in that suit, and served it personally on *Mills;* and that he remembered distinctly where he made the service, etc.

The case having been tried without a jury, the court found as a fact that the legal title to the land in dispute was claimed by defendant, and that he in good faith and for reasonable cause denied that plaintiff had any legal title to the premises, or any interest therein. As a conclusion of law the court held that plaintiff was not entitled to the relief claimed, and that the claims of the parties should be determined in an action at law for that purpose. Judgment dismissing the complaint, without prejudice to plaintiff's right to institute another suit

for partition after establishing his legal title by a trial at law ; from which judgment plaintiff appealed.

*Orton & Osborn*, with whom were *Vilas & Bryant*, for appellant, argued that, assuming that the court had jurisdiction in the former partition suit, and that the record therein is not impeached for fraud, it clearly follows that that record is conclusive evidence between the parties to that action, and all persons claiming under them, that the title to the whole premises became vested in Gillett. *Deery v. McClintock*, 31 Wis., 195, and cases there cited. This record is here attacked upon two grounds: 1. Non-service of the summons upon defendant in that action. 2. Fraud on the part of plaintiff. But neither of these is now an open question, both having been adjudicated in the action for specific performance, the record of which is in evidence here. In that case the partition record was set up in the answer, and under it Gillett claimed title to the whole of the land. The pleadings show the validity of the former partition record to have been in question, and the finding of the court shows that the very points now made against that record in this case were made in that, and were specifically decided by the court, which held that the summons was served upon defendant, and that the record had not been impeached for want of jurisdiction or fraud. These issues having been litigated in that case, the parties and those claiming under them are estopped from litigating them now. *Doty v. Brown*, 4 Coms., 71; *Castle v. Noyes*, 14 N. Y., 329 ; *White v. Coatsworth*, 6 id., 137; *Davis v. Tallcot*, 12 id., 184; *Kalisch v. Kalisch*, 9 Wis., 529; *Beloit v. Morgan*, 7 Wall., 621. The only question here is, Were these issues made in that case, and were they decided? If these issues were made and decided in that case, the decision is binding upon the parties, whether they were necessarily decided or not. *Sheldon v. Edwards*, 35 N. Y., 286; Herman on Estoppel, §§ 73–75; Freeman on Judgments, § 249.

*Cothren & Lanyon*, for respondent, contended that an action

for partition would not lie while defendant was in possession, claiming the legal title, and contesting plaintiff's right to any portion of the land. *Deery v. McClintock*, 31 Wis., 195. All questions of title must first be settled by some appropriate action, before a suit for partition can be maintained, since, to warrant a court in sustaining this action, legal title must be found in plaintiff. To the point that the validity of the former judgment in partition was passed upon in the action for specific performance, counsel contended that the only issue involved in that action was as to the performance of the contract. Any other point than that was immaterial, and that was all the circuit judge meant by his finding. He simply holds, that, no matter whether the judgment of partition and sale were valid or not, the contract must be specifically performed.

COLE, J. The counsel for the plaintiff concedes to the fullest extent the position that a court of equity will not interfere to make partition while the legal title is in dispute, but will leave the parties to their legal remedies first to settle the question of title. Such was the decision of this court in *Deery v. McClintock*, 31 Wis., 195. But the counsel insists that it does not sufficiently appear from the record that an undetermined legal controversy exists in respect to the title; but on the contrary he claims that the record evidence which was introduced on the trial showed that the question of title had been conclusively settled between the parties so as to estop them from further controverting it. In the first place he relies upon the record in the partition suit between the grantor of the plaintiff and this defendant, wherein all questions of title and of possession were, as he says, put in issue and conclusively determined in that action. But the defendant, in his answer and in his proof, attacks the validity of the record in the partition suit. He claims that he had no notice nor any knowledge whatever of that proceeding; that the court never acquired

jurisdiction over him by service of process ; and that the judgment therein was a gross fraud upon his rights. These are surely most serious objections to that record ; and, as it seems to us, there is no ground for saying that the defendant is estopped by anything therein appearing from litigating those questions. If the integrity and rectitude of that record are impeached, it is evident it can conclude no one. The questions, therefore, in respect to its validity should be first settled in some appropriate action, before a court of equity is called upon to make partition. But it is further insisted that the court should have tried in this action the question whether the partition record was voidable for fraud, or for any other reason, and not compel the parties to bring another suit to settle that question. Whether the defendant was served with process or had any notice of the pendency of the partition suit, in view of the direct conflict in the statements of Mr. Sleeper and the defendant upon that point, would seem to be matters most appropriate for the consideration of a jury ; and the advantages of a trial at law to determine such controverted questions of fact are too obvious to need any remark. All these questions, together with the alleged fraud in the prosecution of that action, should be determined in some legal proceeding brought for that purpose.

But it is objected that these questions in regard to the validity of the partition record are no longer open for examination, because they were adjudicated in the action for a specific performance, the record of which was offered in evidence. The action for a specific performance was between the same parties as the partition suit, and was commenced the same day, or the day after the latter action is claimed to have been instituted. It was brought by the present defendant against the plaintiff's grantor to enforce the specific performance of a contract for the conveyance of eight-elevenths of this same land of which partition is sought in this case. The result of that action was, that the court adjudged that the plaintiff therein was entitled

to a specific performance of the contract. During the pendency of the suit for specific performance, the defendant Wm. W. Gillett, by a supplemental answer, set up the judgment in the partition suit at the December term of the circuit court for 1865, a sale of the premises in that action, and a deed of conveyance to him executed by the sheriff at such sale, as a bar to the suit for specific performance. What evidence was given in support of the matters set up in the supplemental answer — if any such was in fact given, — does not appear. The court however made, among other things, the following finding: " That proceedings in partition were commenced and conducted by the said defendant against said plaintiff as alleged in his supplemental answer, and that it appears from the record thereof that the court in which they were had, had full jurisdiction of that case, and that the jurisdiction of said court and the record of its proceedings have not been impeached either by showing want of jurisdiction or for fraud. The summons in that action was in fact served on the said plaintiff. The plaintiff did not appear in that action, and his equitable rights under said contract were not in anywise submitted to that court, and he is not barred from maintaining this action by anything appearing in that record."

Now the counsel for the plaintiff relies upon this part of the finding in the action for a specific performance, in support of the position that the very objections now taken to the partition record were then made and overruled by the court. The court in that case, it is said, explicitly decided that the summons in the partition action was served upon the defendant in that action, and that the record in such suit had not been impeached, either by showing want of jurisdiction or for fraud. These issues, then, it is claimed, are no longer open to litigation, and the parties and their privies are estopped from further calling them in question.

To this argument the counsel on the other side reply, that the effect of every judgment as an 'estoppel is restricted to such

matters as were in issue and might have been litigated in the action. The main and vital question in issue in the action for a specific performance was, whether, upon the facts alleged and denied, the plaintiff was entitled to have the contract specifically performed. Any other matter than this was a mere immaterial and collateral issue. Whether the court acquired jurisdiction in the partition suit, or whether its proceedings in that suit were impeachable for fraud or want of jurisdiction, was not an issue in the action for a specific performance of the contract, nor in any way involved in the question whether the plaintiff was entitled to the relief he sought in that suit. In the determination of the cause before it, the court had no occasion to pass upon the validity of the partition proceeding; the finding of facts above given was quite unnecessary and upon an incidental issue, and is therefore not binding upon the parties. It seems to us that this answer is entirely conclusive and decisive upon the point made. For we understand the rule of law upon this subject to be as stated by EARL, C., in *Woodgate v. Fleet*, 44 N. Y., 1–13: "A judgment is conclusive upon the parties thereto only in respect to the grounds covered by it, and the law and facts necessary to uphold it; and, although a decree, in express terms, purports to affirm a particular fact or rule of law, yet if such fact or rule of law was immaterial to the issue, and the controversy did not turn upon it, the decree will not conclude the parties in reference thereto. (*The People v. Johnson*, 38 N. Y., 63)." See also *Coit v. Tracy*, 8 Conn., 269.

The circuit court, in finding that the plaintiff herein was not entitled to the relief claimed, must have deemed that there had been no adjudication of the validity of the partition record, and that while it had, in the action for a specific performance, affirmed the fact that the court had jurisdiction in that action and that its proceedings had not been impeached for fraud, yet this did not conclude the parties in reference to these matters. It is very apparent that the court considered these facts

quite immaterial in the action for a specific performance ; for it granted the plaintiff the relief sought, while affirming the existence of these facts. The controversy did not turn upon them, and therefore the plaintiff in that action might not have considered it necessary to controvert them, even if able to disprove them. These findings, therefore, in the specific performance suit, being upon a collateral and immaterial matter, and the judgment in the action not resting upon them in any way, it is obvious that they cannot conclude the parties upon those questions. And this is rendered still more apparent by the clause in the finding and judgment in that action which reserves the right to the parties to settle their claims to the remaining three-elevenths of the land in any subsequent suit.

We therefore think the judgment of the circuit court in this case was correct, and must be affirmed.

*By the Court.* — Judgment affirmed.