## SUPREME COURT—IN EQUITY.

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

#### KAAIMANU *vs.* KAUWA AND KOA.

THE plaintiff, alleging title by prescription, prays the court to enjoin the defendant, whose title is alleged to be by inheritance from the awardee from asserting his title—the defendant having brought one action of trespass against him and recovered; HELD that in the absence of a statute to authorize courts of equity to pass on questions of law and fact on the determination of which the title to relief or remedy in equity depends, equity must decline jurisdiction.

Mr. Justice JUDD delivered the opinion of the Court.

The bill filed July 15th, 1874, alleges that the plaintiff is lawfully seized and possessed of a piece of land in Koolauloa, Oahu, described in award of the land commission, No. 3717.

The plaintiff alleges that he inherited this estate from one Koo, his father, who died in the year 1853; that immediately on his father's decease, the plaintiff entered upon the land and has continued ever since in open, notorious, peaceable, uninterrupted, continuous and adverse, exclusive possession and occupancy, taking to his own use the rents and profits, up to the 5th of January, 1874, on which day Kauwa, one of the defendants, entered upon a portion of the land which had been prepared by the plaintiff for the cultivation of rice, and planted it with kalo, which kalo the plaintiff immediately removed; whereupon Kauwa sued the plaintiff in the District Court for trespass, and the magistrate gave judgment in favor of the plaintiff.

The bill alleges that Koo derived his title as follows: Koo was the original occupier of the land; that in 1845, he orally

gave his sister Kaluahine, Mauwele's wife, a life interest in this land; that in 1848 Kaluahine died, and her husband Mauwele surrendered the land again to Koo, and himself died in 1848; in 1851, plaintiff, by direction of his father Koo, pointed out the boundaries of the land to Turner, the government surveyor; that in 1853, plaintiff, by direction of his father, went to the Land Commission and took out the award No. 3717, and paid the fee of six dollars; that said award was issued in the name of Mauwele by mistake of the party issuing it, and that it has remained in his possession ever since; that said Kauwa, who claims to be the heir of Mauwele, has made a deed of said land to Koa, one of the defendants; that as one suit has been brought in regard to this matter and more are threatened by the defendant Koa to obtain possession of the land, and as the award to Mauwele remains as a cloud upon the plaintiffs' title to this land, he prays that the deed of Kauwa to Koa may be delivered up to be cancelled and that defendants may be enjoined against bringing any suits at law for the possession of the land in question.

The answer, in brief, asserts that the possession is interrupted because that one Nika lived on the land after Koo's death, by Kauwa's consent; that in 1866 there was a proposition made between plaintiff and Kauwa to exchange the land for a land of plaintiff's mother-in-law, and, on this, the plaintiff lived on the land; that Mauwele applied for the award and died in 1851, and that the alleged deed from Kauwa to Koa is only a mortgage.

The allegation in the bill that award No. 3717 was issued to Mauwele by mistake, is not insisted on in this appeal.

The plaintiff's alleged title is by prescription.

The defendant's alleged title is inheritance from Mauwele, to whom the land was awarded, and the Court is asked by the plaintiff to adjudge his possession to have been notorious, exclusive, peaceable and adverse for twenty years, and there-

fore a perfect title, and to enjoin the defendant from asserting his title against this.

The jurisdiction of Courts of Equity to grant injunctions of this character, "is founded upon the equity of relieving a man from the necessity of bringing action after action at law for every violation of a common law right, and of finally quieting the right, after a case has received such full decision as entitles a man to be protected against further trials of the right." Kerr's Injunc., p. 225. But before the injunction can be granted the legal right must be established.

The jurisdiction in respect to titles of real estate is in courts of common law, which Courts of Equity should hesitate to invade; especially so in the case at bar, where the plaintiff's title is alleged to be by prescription, and this is traversed by the answer, and therefore the decision of the case depends upon facts and questions peculiarly suitable for trials at law, where parties can have a jury of the country to pass upon the facts.

A title by prescription, if well proven, is a good defense at law, and statutes of limitation are enacted to make certain the length of time of possession which constitutes such a title.

The statute of limitations relied upon by the plaintiff's counsel (Acts of 1870, p. 28,) is entitled "An Act limiting the time within which actions may be brought to recover possession of land;" and as Washburn says in his Real Property, 2 vol., p. 449, "The statute of limitations in respect to lands, operates as the extinguishment of the one, though not as a gift of the estate to the other."

The operation of this statute would be to extinguish the remedy of the defendant in obtaining possession of the land in question, unless he brought his action within twenty years, but it does not make a gift of the estate to the plaintiff.

The text-writers treat "prescription" as a plea or defense, not as a title upon which to base a cause of action in equity.

Kaaimanu *v.* Kauwa and Koa.

Story in his Equity Jurisprudence, §894, states the doctrine thus : ''A defense cannot be set up as the ground for a bill in equity for an injunction, which has been fully and fairly tried at law, although it may be the opinion of the Court that the defense ought to have been sustained at law.''

If, however, the plaintiff in this case had successfully established this defense in · a court of law to an action brought by the defendant for the possession of the land, he would have then some ground for asking this Court to enjoin the defendant against bringing further like suits. But it is not certain if one suit would be sufficient as the ground of an injunction.

Kerr on Injunctions, p. 134, says that ''the question should depend in all cases upon the fact whether the conscience of the court is satisfied as to the result of the trial and not on the number of trials which may have taken place.''

In the case before us, however, the only suit which has been had between the parties was the suit in trespass before the magistrate, the gist of which is injury to the possession, and where the title to the real estate could not be determined.

The decision of the case at bar requires adjudication at law.

In Great Britain it required a statute (25 and 26 Victoria, c. 42) to authorize courts of chancery to pass upon questions of law and fact, on the determination of which title to relief or remedy in equity depends.

In the absence of any such statute in this country, we feel obliged to decline jurisdiction.

Having arrived at this conclusion, it is not necessary to examine and pass upon the proofs offered as to the plaintiff's title by prescription. Bill dismissed with costs.

A. S. Hartwell for plaintiff.

J. K. Unauna for defendants.