CHAPIN *v.* SEARS and others.

(*Circuit Court, D. New Jersey.* December 20, 1883.)

1. BILL IN EQUITY FOR SETTLEMENT OF TITLE AND PARTITION—MULTIFARIOUS-
NESS.
    A bill in equity to determine and settle a disputed legal title, and for a par-
tition of the land, is multifarious.
2. SAME—BILL FOR PARTITION RETAINED TILL TITLE IS SETTLED AT LAW.
    A bill for partition will not lie when the legal title is in dispute, or when it
depends on doubtful facts or questions of law; and when one is filed and the
pleadings or proofs show a dispute about the legal title of the real estate, the
usual course is for a court of equity to retain the bill until the title is settled
at law.

On Bill, etc.

*James Buchanan,* for the demurrer.

*W. S. Logan, contra.*

NIXON, J.   The bill of complaint has been demurred to for multi-
fariousness, and the demurrer must be sustained.   It appears from
the prayer and the allegations of the bill that the complainant has
filed it for two objects:   (1) to determine and settle a disputed le-
gal title; and (2) for the partition of a tract of real estate.   In other
words, it asks the court to ascertain who are the owners of the
property and then to divide it according to the interest of the parties
as determined.   Such a proceeding violates well-settled principles,
and is against the practice of a court of chancery, unless the dispute
is in regard to an equitable title.   A bill for partition will not lie
when the legal title is denied, or where it depends on doubtful facts
or questions of law.   See *Dewitt* v. *Ackerman,* 2 C. E. Green, 215;
*Manners* v. *Manners,* 1 Green, Ch. 384.   Where one is filed, and the
pleadings or proofs show a dispute about the legal title of the real
estate to be divided, the usual course is for a court of equity to re-
tain the bill until the title is settled at law.   *Hay* v. *Estell,* 3 C. E.
Green, 251; *Obert* v. *Obert,* 2 Stockt. 98; *Wilkin* v. *Wilkin,* 1 Johns.
Ch. 111; *Coxe* v. *Smith,* 4 Johns. Ch. 271.   The counsel for defend-
ant, on the argument, suggested that he was shut up to this course
because he was in possession of the premises and hence could not
bring an action for ejectment to try the title.   But provision is made
for such a case by an act of the legislature of the state of New Jersey
entitled "An act to compel the determination of claims to real es-
tate in certain cases, and to quiet the title to the same," approved
March 2, 1870.   Rev. St. N. J. 1189.   By the terms of that act all
persons in the peaceable possession of lands in New Jersey are au-
thorized to bring and maintain a suit in chancery to settle the title
to said lands, and to clear up all doubts and disputes concerning the
same; the fifth section reserving to either party the right to apply
to the court for an issue at law to try the validity of the claims or
to settle the facts.   My first impression was to allow complainant

to amend his bill, conforming it to the requirements of the statute when such a suit is brought, and to try the title in the pending action. But upon reflection I am of the opinion that the more proper course is to order the present bill to stand as a simple partition bill, and to give leave to the complainant, if he is in the peaceable possession of the premises, to institute another suit, under the provisions of the state statute, to ascertain and determine the title to the land. And it is so ordered.