Simpson, Appellant, vs. Sneclode and others, Respondents.

*September 6 — October 25, 1892.*

*Limitation of actions: Adverse possession of land: Original entry under executory contract.*

One who, for more than ten years after receiving and recording a deed of land given in pursuance of a contract for the sale thereof to him, has continued in the possession and occupation of the premises, claiming exclusive title thereto under said deed, will be deemed to have held the same adversely, under sec. 4211, R. S., although his original entry was under said contract while it was still executory.

APPEAL from the Circuit Court for *Grant* County.

Ejectment. The facts are sufficiently stated in the opinion. The plaintiff appeals from a judgment in favor of the defendants.

*W. E. Carter*, for the appellant.

*A. R. Bushnell* and *R. A. Watkins*, for the respondents, argued, among other things, that an executory contract for purchase is sufficient to give color of title. *Furlong v. Garrett*, 44 Wis. 111; *La Frombois v. Jackson*, 8 Cow. 589; *Briggs v. Prosser*, 14 Wend. 227; *Elliott v. Mitchell*, 47 Tex.

445; *Spitler v. Scofield*, 43 Iowa, 571. Where one enters under executory contract he may set up the statute as against others than his vendor. 1 Am. & Eng. Ency. of Law, 232; *Elliott v. Mitchell*, 47 Tex. 445. The vendee's possession is the possession of his vendor at least, and after deed pursuant to the contract the vendee has the benefit of his own previous possession on behalf of his vendor by virtue of the deed. *Furlong v. Garrett*, 44 Wis. 111; *Lewis v. Barnhart*, 145 U. S. 56; *Snapp v. Peirce*, 24 Ill. 156; *Russell v. Mandell*, 73 id. 136; *Schneider v. Botsch*, 90 id. 577. An executory contract, at any rate after purchase price paid, is good for color of title as against the vendor from the date of full payment. *Furlong v. Garrett*, 44 Wis. 111; *Cawley v. Johnson*, 21 Fed. Rep. 492; 1 Am. & Eng. Ency. of Law, 230. If a new entry were necessary, the recording of the deed was equivalent to a new entry under claim of title, and from thence the possession was adverse. *Link v. Doerfer*, 42 Wis. 391; *Pepper v. O'Dowd*, 39 id. 538.

ORTON, J. This is an action of ejectment brought by the plaintiff to recover the S. E. fractional quarter of section 27, township 3, range 5 W., in Grant county. The defendant *Sneclode*, under his answer to that effect, proved that in the spring of 1866 he purchased the land of Nelson Dewey for $1,454, and received a land contract, by which he was to have a deed thereto on payment of the purchase money. He paid or secured the money in January, 1869, and Dewey caused the land to be deeded to him, and he had the deed recorded. He went into possession of the land under said land contract, exclusive of any other rights, cleared off, fenced, and improved it, and built a dwelling house thereon, and has continued in the exclusive and uninterrupted possession thereof for more than ten years, and continued to improve and cultivate it, protected it by a substantial inclosure, according to the course and custom of the adjoining

country, and used it for the purpose of husbandry at least ten years after the payment of the money and receipt of the deed, and he claims the benefit of the ten years statute of limitations to bar the plaintiff's action. The circuit court refused to find on the question of the plaintiff's title, holding that the defense of the statute had been established, and dismissed the complaint on its merits, and rendered judgment in favor of the defendants for costs.

The possession and improvements of the defendants appear to have been sufficient, under sec. 4212, R. S., and this is scarcely contested by the learned counsel of the appellant. The only real contention is that the defendants' entry and possession under the executory contract of purchase, and continued possession of the deed, could not establish an adverse possession under sec. 4211, R. S., which requires "the claim of title exclusive of any other right, founding such claim upon some written instrument as being a conveyance of the premises."

While such land contract was entirely executory, the purchaser holds under the vendor. The defendant *Sneclode* could not set up an adverse possession against Dewey, the vendor. His possession is that of the vendor. *Furlong v. Garrett*, 44 Wis. 122. The land contract is not a present conveyance, as said by the learned counsel of the appellant. This is elementary, as also said by him. But in 1869 the purchase money was partly paid, and the balance otherwise secured, which was equivalent to payment, and Dewey caused a conveyance to be made to *Sneclode*, in discharge of his contract, and from that time he could set up an adverse possession. Whether he could avail himself of the possession of his vendor, so as to claim an original entry, or he made an original entry by receiving the deed and placing it on record, or the deed related back to the date of the contract of sale, he was then, by at least the great weight of authority, in a position to set up adverse posses-

sion against all claimants of the land. This placed him in the position to set up the statute of limitations of ten years, at least since the receiving and recording of his deed.

" A claim under an executory contract to convey land, the consideration being paid, and which a court of equity would therefore specifically enforce against the vendor, is a sufficient claim under color of title to constitute an adverse possession within the statute of limitations." *La Frombois v. Jackson*, 8 Cow. 589. In that case, as in this, the possession commenced before the payment of the consideration, although it was not until then adverse. "A contract for the purchase of land, *after performance* by the vendee of the terms of the contract, and the accruing right to a deed, is a sufficient *color of title* whereon to base the defense of adverse possession in an action of ejectment by the vendor for the recovery of the premises." *Briggs v. Prosser*, 14 Wend. 227. The court in this case, in commenting on the above case of *La Frombois v. Jackson*, said that " the fact of the defendants entering into possession under a contract for a deed did not, *per se*, necessarily preclude the adverse character of the possession subsequently." Wood, Lim. Act. sec. 260, states the doctrine thus: " But where a contract is made for the sale of land upon the performance of certain conditions. and the purchaser enters into possession under the contract, his possession from the time of entry is adverse to all except the vendor; and it seems now to be well settled that, after the performance by him of all the conditions of the contract, he from that time holds adversely to the vendor, and full performance is treated as a sale." Cases cited in note 2. See, also, *Elliott v. Mitchell*, 47 Tex. 445; *Spitler v. Scofield*, 43 Iowa, 571. In these cases it is held that in such a case the vendee may avail himself of his vendor's possession while the contract was executory, so as to make his possession adverse from the time of performance or of the giving of the

deed. And in the following cases it is held that the deed, when given, may relate back to the date of the contract: *Snapp v. Peirce*, 24 Ill. 156; *Schneider v. Botsch*, 90 Ill. 577.

In *Link v. Doerfer*, 42 Wis. 391, it is held: "Where one who has entered upon and occupied land as a mere intruder records a tax deed to himself, this is equivalent to a new entry under color of title, and from thence his possession is adverse." There appears to be no good reason why the defendant may not claim the benefit of this principle. "Where, however, the vendee has executed his part of the agreement by payment of the purchase money, his possession is from that time adverse to the vendor." "When he enters under an executory contract, he may set up as a defense the statutory limitation as against persons other than the vendor." 1 Am. & Eng. Ency. of Law, 230–232. See many cases cited in note. It is strongly intimated, if not decided, in *Furlong v. Garrett*, 44 Wis. 111, that the possession of the vendee will become adverse from the time of the payment of the purchase money. Most of the cases seem to hold that the possession becomes adverse from the payment of the purchase money or the taking of the deed, but in cases where a new entry is necessary, the taking or recording of the deed is a sufficient act of entry. If, as seems to be the case, the defendant's possession was that of Dewey until the payment of the purchase price, after that it becomes his possession in his own right, and is then adverse. Whatever the theory or reasons may be, the result is the same. The defendants had adverse possession of the land for over ten years, having used and improved the land to the extent required by the statute, and may set up the statute of limitations in bar of the action.

*By the Court.*— The judgment of the circuit court is affirmed.