WHITCOMB and another, Receivers, Appellants, vs. PROVOST, Respondent.

*February 1 — February 21, 1899.*

*Ejectment: Betterments: Homestead entry: "Color of title:" Adverse holding.*

1. A holding under an invalid certificate of homestead entry is not a holding "by color of title" such as will support a recovery for improvements under sec. 3096, R. S. 1878.
2. One who has made a homestead entry of public lands but has not completed the purchase does not hold *adversely* to the United States or its grantee, within the meaning of sec. 3096, R. S. 1878.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action of ejectment to recover a quarter section of land which was in actual possession of the defendant, and upon which he had made improvements, and the sole question in issue was whether the defendant could recover the value of such improvements. The land in question was a portion of the lands granted to the state by the United States to aid in the construction of railroads, under the acts of June 3, 1856, and May 5, 1864, earned by the Wisconsin Central Railroad Company, and conveyed to that company by the state. The land was within the place limits of the grant, and was withdrawn from settlement June 12, 1856. On the 26th of June, 1887, the Secretary of the Interior revoked the order of withdrawal and formally restored the lands to the public domain, so that they were apparently open for homestead settlement. Public notice of this restoration was given, and on the 4th of November, 1891, the defendant, *Provost*, entered the land in dispute as a homestead, at the United States land office in the city of Ashland, and paid the fees of the register and receiver, and received the usual receipt of homestead entry, which recited the receipt of $18, being the amount of the fees and compensation of the register and receiver for the entry of the S. W. ¼ of section 17, township 45 N., range 4 W., under sec. 2290 of the Revised Statutes of the United States. The proper entries were made in the register of homestead entries kept in the local office, and upon the plats of government land in said land office, showing that the land had been entered by the defendant as a homestead. The defendant immediately took possession of the land, erected a dwelling house thereon, began clearing away the timber, moved his family thereon, and has ever since continued to reside there.

This action was commenced October 10, 1895. The defendant's answer admits the plaintiffs' title, and counter-

claims for the value of his improvements since his entry, under sec. 3096, R. S. 1878. The facts were all stipulated, and the value of the improvements was stipulated to be $900. Motions to direct a verdict were made upon both sides, and the court directed a verdict in favor of the plaintiffs for the possession of the land, and in favor of the defendant for the value of the improvements. Judgment was entered upon this verdict, and from so much of the judgment as permits the defendant to recover for improvements the plaintiffs appeal.

For the appellants there was a brief by *Howard Morris,* attorney, and *Thos. H. Gill,* of counsel, and oral argument by *Mr. Gill.*

*Willis V. Silverthorn,* for the respondent, contended that sec. 3096, R. S. 1878, is remedial and should be liberally construed. *Eckhard v. Donohue,* 9 Daly, 214; *Hudler v. Golden,* 36 N. Y. 447; *Weed v. Tucker,* 19 N. Y. 422; Sutherland, Stat. & Const. Law, § 437. The intention of the statute in such case will prevail over its literal terms. Wilb. Stat. Law, 235; *Avery v. Groton,* 36 Conn. 304; *Fox v. Sloo,* 10 La. Ann. 11; *Smith v. Stevens,* 82 Ill. 554; *Vigo's Case,* 21 Wall. 648; *State v. Powers,* 36 Conn. 77; *Houk v. Barthold,* 73 Ind. 21; Sutherland, Stat. & Const. Law, § 409; *Pacquette v. Pickness,* 19 Wis. 219. The statute was intended to apply to all cases where improvements had been honestly made by the party in possession under a supposed title or one that might ripen into a title. R. S. 1849, ch. 107; sec. 2, ch. 84, Laws of 1857; secs. 30–34, ch. 141, R. S. 1858; ch. 273, Laws of 1861; sec. 3096, R. S. 1878; and ch. 282, Laws of 1893. Under a homestead entry the records of the government land office, together with the receiver's receipt, constitute a written instrument under said section. *Whittaker v. Pendola,* 78 Cal. 296; *Cawley v. Johnson,* 21 Fed. Rep. 495. A homestead entry conveys an immediate, valid, subsisting title and interest in the lands so entered. *White v. H. & D. R.*

*Co.* 2 Copp, Pub. Land Laws (1882), 878; *Wilcox v. Jackson,* 13 Pet. 516; *Witherspoon v. Duncan,* 4 Wall. 218; *Burlington, K. & S. W. R. Co. v. Johnson,* 38 Kan. 142; *U. S. v. Turner,* 54 Fed. Rep. 225; *U. S. v. Ball,* 31 Fed. Rep. 667; *U. S. v. Freyberg,* 32 Fed. Rep. 195; *Culbertson I. & W. P. Co. v. Olander,* 51 Neb. 539; *Red River & L. W. R. Co. v. Sture,* 32 Minn. 95; *Pairier v. Comm'rs of Itasca Co.* 68 Minn. 297; *Nelson v. Big Blackfoot M. Co.* 17 Mont. 553; *Northern R. Co. v. Gould,* 21 Cal. 254; *Lytle v. Arkansas,* 9 How. 334.   And such entry segregates the lands from the public domain, and holding under such entry is "*color of title.*" *Culbertson I. & W. P. Co. v. Olander,* 51 Neb. 539; 1 Copp, Pub. Land Laws (1882), 387, 388; 1 Land Dec. Dept. Int. 58–60; *White v. H. & D. R. Co.* 2 Copp, Pub. Land Laws (1882), 878; *Wilcox v. Jackson,* 13 Pet. 516; *Edgerton v. Bird,* 6 Wis. 527; *McMillan v. Wehle,* 55 Wis. 685; *Wright v. Mattison,* 18 How. 50; *Woodward v. Blanchard,* 16 Ill. 430; *Bogardus v. Trinity Church,* 4 Paige, 200; *Clapp v. Bromagham,* 9 Cow. 556; *Jackson v. Todd,* 2 Caines, 183; *Jackson v. Harder,* 4 Johns. 208.

Winslow, J.   The defendant admitted that, under the decision of the supreme court of the United States in *Wis. Cent. R. Co. v. Forsythe,* 159 U. S. 46, the plaintiffs had the title to the land in question, and must recover because the same was within the place limits of the grant to the Wisconsin Central Railroad, and hence not open to homestead entry in 1891.   The defendant claimed to recover for his improvements, however, under sec. 3096, R. S. 1878, and the only question in this case is whether such a recovery can be sustained.   That section provides as follows: " In every case where a recovery shall be had of any land, on which the party in possession, or those under whom he claims, while holding adversely by color of title asserted in good faith, founded on descent or any written instrument, shall have

Whitcomb and another vs. Provost.

made permanent and valuable improvements, or shall have paid taxes assessed, such party, for himself and for the benefit of those under whom he claims, shall be entitled to have from the plaintiff, his heirs or assigns, if he insist upon his recovery, the value of such improvements at the time the verdict or decision against him is given, and the amount paid for taxes, with interest from the date of the payment, to be assessed and recovered as hereinafter provided, and for the payment thereof shall have a lien on the real estate so recovered."

It is apparent that the defendant, in order to recover for his improvements in the present case, must show the concurrence of four conditions, namely: (1) Adverse holding, (2) by color of title, (3) asserted in good faith, and (4) founded on some written instrument. Failure in any one of these conditions will defeat his claim. It seems evident that these conditions are not all present in this case. "Color of title" has been generally defined as "that which in appearance is title, but which in reality is no title." *Wright v. Mattison,* 18 How. 50; *Edgerton v. Bird,* 6 Wis. 527. Now, unless a holding under a valid certificate of homestead entry is in fact a holding under title, a holding under an invalid certificate of homestead entry cannot be a holding under "color of title." If a valid certificate is not title, an invalid certificate cannot be appearance of title.

The supreme court of the United States has recently held, after full consideration, that land entered as a homestead continues to be the property of the United States for five years following the entry, and until a patent is issued, and that the homesteader has no right to cut standing timber to sell, or any timber save such as is necessary to clear the land for cultivation and build necessary buildings and fences, and may be criminally prosecuted if he cuts beyond such limitations. *Shiver v. U. S.* 159 U. S. 491; *Stone v. U. S.* 167 U. S. 178; *Flint & P. M. R. Co. v. Gordon,* 41 Mich.

420. This principle seems to determine conclusively the question here. A man who makes a valid homestead entry has not the title to the land, and hence the man who makes an invalid homestead entry has not even the appearance of title.

True, the homesteader may have rights as against third persons which he may enforce. *Culbertson I. & W. P. Co. v. Olander*, 51 Neb. 539; *Pairier v. Comm'rs of Itasca Co.* 68 Minn. 297; *Red River & L. W. Co. v. Sture*, 32 Minn. 95. Such rights are sometimes given to him by state laws. *Whittaker v. Pendola*, 78 Cal. 296. He may also have a right to carry out the conditions of his entry, and earn his patent. But the question here is not whether he has rights in the land of some nature, or whether they may not be vested rights, but whether he has title. As said in *Vilas v. Prince*, 88 Fed. Rep. 682: " The homesteader has a right to earn the land by residing upon and improving it, and that is the extent of his right. . . . It is always understood that such an entry is subject to be canceled by the land department in case the land is not subject to entry, as in this case."

There is no analogy between a certificate of homestead entry and a receiver's certificate of purchase of public lands. This last is made evidence of title by our statutes (R. S. 1878, sec. 4165), and is held to convey all the substantial interest of the government in the land. *Cawley v. Johnson*, 21 Fed. Rep. 492. The consideration has been fully paid, and nothing remains to be done except to execute the patent. In a case of homestead entry, however, nothing has been paid for the land, and the homesteader simply has acquired a right to earn or buy it in the future. At most, the receipt amounts to nothing more than an executory contract to convey the land upon the performance of certain conditions. One who holds under an executory contract for the purchase of lands does not hold *adversely*, as against his vendor or

his vendor's grantee, until after full performance of the conditions of his contract. *Simpson v. Sneclode*, 83 Wis. 201. So, in this respect also, the defendant fails to meet the requirements of the statute.

The case seems to be a hard one, but, in any view which we have been able to take of it, we have been unable to see how the defendant can recover under the betterments statute. By the stipulation of facts, it appears that the defendant knew before his entry that the lands which he entered were part of the "Omaha land grant." It seems very probable that he should have anticipated that his claim to the land was liable to be disputed.

*By the Court.*— That part of the judgment which is appealed from is reversed, and the action is remanded with directions to dismiss the defendant's counterclaim.