Morgan and another vs. Mueller.

MORGAN and another, Appellants, vs. MUELLER, imp., Respondent.

*May 17 — June 21, 1900.*

*Partition: Possession, when adverse: Abatement of action: Practice: Equity.*

In an action for partition the only controversy was as to the existence of an executory contract whereby the plaintiffs, through their agent, agreed to convey the lands in question to the defendants,

Morgan and another vs. Mueller.

under which contract defendants claimed to have gone into posses-
sion. *Held*, that the possession and claim of title by defendants
were not hostile and adverse, but in subordination to plaintiffs'
title, and such as could only be enforced in equity; and that the
issues as to title, being equitable in their nature, might properly
be disposed of in the partition action.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Action for partition. The plaintiff *Morgan* is alleged to
be the owner of one fourth, *Lloyd* one eighth, and defendants
*Mueller* of five eighths, of the premises in suit. *Bouck* is
made a defendant as holding a mortgage on the defendants'
interest. The defendant *August Mueller* answered, setting
up that on March 24, 1898, the lands in question were owned
by the plaintiff *Lloyd* and seven other persons, each owning
an undivided one eighth interest; that on said day one Scrib-
ner was the lawful agent of said owners, and authorized to
sell said lands; that defendant made a contract with said
agent to purchase said premises for $10,000,— $200 paid
down, and the remainder to be paid when deeds were made,—
and the defendant to have possession on April 1, 1898; that
he has received a deed from five of the owners; that two of
said owners conveyed their interest to the plaintiff *Morgan*,
who took with notice of the defendants' right; that both
plaintiffs refused to convey; that defendant took exclusive
possession of the premises April 1, 1898, and holds the same
adversely to plaintiffs. These facts were set up in abate-
ment of the action, and the same facts were also set out at
length as a counterclaim, and specific performance was de-
manded. The plaintiffs made reply to the counterclaim,
denying that Scribner had any authority to sell, and alleg-
ing that *Morgan* was a purchaser in good faith, without any
notice of the defendant's rights. When the case came on
for trial the court took proof of the matters set up in abate-
ment of the action, and made findings to the effect that

Morgan and another vs. Mueller.

Scribner, who claimed to be the agent of the owners, sold the same to the defendant *August*, who went into possession under his agreement with Scribner, and had since had actual and exclusive possession adversely to the plaintiffs. And as conclusions of law the court found that plaintiffs could not maintain an action for partition, and directed a dismissal of the action without prejudice. A judgment of dismissal was entered, from which the plaintiffs bring this appeal.

For the appellants there were briefs by *W. W. Quatermass* and *Eaton & Weed*, and oral argument by *H. I. Weed*.

For the respondent there was a brief by *Bouck & Hilton*, and oral argument by *Gabe Bouck*.

BARDEEN, J. The action of the court below seems to have been based upon the idea that defendant's possession was exclusive and adverse to plaintiffs, and that the rights of the parties could not be determined in an action for partition, under *Deery v. McClintock*, 31 Wis. 195, and other cases in this court. The view we have taken of the case renders it unnecessary to consider or determine whether, the same matter having been set up both in abatement and as a counterclaim, the former is deemed to be waived, as suggested in *Hooker v. Greene*, 50 Wis. 271.

An inspection of the pleadings shows that there is absolutely no controversy as to the legal title of this land. Neither does the proof disclose any such adverse occupancy as to come within the rule of the cases in partition that decline to consider such controversies. Referring now to the question of title, the complaint shows that *Morgan* is the owner of an undivided one fourth, and *Lloyd* an undivided one eighth, interest in the land. The answer admits this title, but alleges that the defendant *Mueller* has a contract, through their lawful agent, for a conveyance of their interest to him. The only controversy is as to the existence of this contract. Under his alleged contract the defendant

Morgan and another vs. Mueller.

went into possession of the land. Such possession was not hostile or adverse to the plaintiffs. By his own admission, it was in direct subordination to their title. His contract was executory. While executory his possession was that of his vendor, and he could not set up adverse occupancy. *Furlong v. Garrett*, 44 Wis. 111; *Simpson v. Sneclode*, 83 Wis. 201; *Whitcomb v. Provost*, 102 Wis. 278. The proof also shows that his claim was in subordination to, and not adverse to, the plaintiffs' title. His rights, if any, were such that he could only obtain relief in equity. His remedy was to obtain a specific performance of his contract. His counterclaim properly set up his grounds for relief. The controlling reason why controversies over the legal title to land will not be tried in partition suits is that such controversies are more properly cognizable in courts of law. But no such reason exists in this case. The defendant simply says that plaintiffs are not entitled to partition, because they have agreed to convey their title to him. This is denied. No good reason is perceived why the whole controversy may not be disposed of in this action. If the contract alleged was legally made, the defendant may secure specific performance, and the right to partition will be denied. If the defendant fails to make a case, the plaintiffs are entitled to a partition of the premises. This is because defendant's possession as a cotenant is not hostile to plaintiffs, and their alleged possession under the contract is in subordination to the title under which they claim, and is in reality the possession of their vendors. All of the cases agree that, if the issues of title claimed and asserted are equitable in their nature, they may be disposed of in the partition suit. See *Deery v. McClintock*, 31 Wis. 195; *Morse v. Stockman*, 65 Wis. 36.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.