## Y. AHIN *v.* OPELE (w.)

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MAY 25, 1906.　　　　　DECIDED JUNE 6, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

DOWER—*jurisdiction of circuit judge.*

　　In a suit brought against a widow for the admeasurement of dower, where the widow denies she has any dower right, a circuit judge at chambers has no jurisdiction to determine the right of dower.

OPINION OF THE COURT BY WILDER, J.

This is a suit in equity brought by Ahin, who claims to own in fee simple certain premises, the source of title not being set forth, against Opele, the widow of one who died seized thereof, to admeasure the dower of Opele in same. The peti-

tion alleges that Opele is entitled to a right of dower, is in possession of a part of the premises, and that Ahin is desirous that there should be an admeasurement of the dower interest. Opele answered by denying any right, title or interest in Ahin, and denying any right of dower in herself, and claiming to own all of the premises in fee simple and a right to the sole and exclusive possession.

Ahin filed a motion to set the cause for hearing and trial, on the hearing of which motion Opele asked that it be denied and moved that the bill be dismissed on the ground that no right was shown to bring the suit. The circuit judge dismissed the bill on the theory that there was nothing to try, as the widow had denied she had any right of dower, from which decree Ahin appealed.

In this Territory circuit judges at chambers have jurisdiction to admeasure dower. R. L. Secs. 1648, 1649, 1838. Whether or not only the widow and those designated by statute are entitled to institute proceedings for the admeasurement of dower, see 14 Cyc. 984; *Jackson v. Vanderheyden,* 17 John. 167; *Re Hopper,* 6 N. J. Eq. 325; *Herbert v. Wren,* 7 Cranch 370; *Badgley v. Bruce,* 4 Paige 97. But, even if Ahin had authority to institute these proceedings, could the circuit judge determine that the defendant had a right of dower against her denial of such a right? The only statutory authority, aside from the sections just cited, that appellant relies on are Secs. 1842 and 1843 of the Revised Laws, which provide as follows:

"Matters of probate and of administration shall be heard and determined by the judge having jurisdiction thereof, without the intervention of a jury." R. L., Sec. 1842.

"But whenever the value of the estate of any deceased person shall exceed five hundred dollars, any person claiming, before any judge, sitting as a court of probate, such estate, or any part thereof, or any interest therein, by virtue of any will or testamentary devise, or by virtue of the statutes of descent of property in this Territory, who may deem himself aggrieved by the decision of such probate judge at chambers, may, upon taking his appeal to the circuit court, if any matter of fact is in issue, move the appellate court that the issue of fact may be tried by a jury, and his motion shall not be denied." R. L., Sec. 1843.

Those sections, however, only refer to issues of fact arising by virtue "of any will or testamentary devise or by virtue of the statutes of descent of property in this Territory." And it has been held that the estate or right of dower given by section 2271 of the Revised Laws is paramount to both the statute of wills and the statute of descents, and that it is a dower estate and not an estate by descent. *Carter v. Carter,* 10 Haw. 693. Moreover, in the absence of statutory authority, equity will not decide whether the widow is legally entitled to dower. *Palmer v. Casperson,* 17 N. J. Eq. 206; *Ocean Beach v. Brinley,* 34 N. J. Eq. 438. Therefore, it follows that a circuit judge at chambers has no jurisdiction to determine the right of dower when that is denied, even in a case instituted by the widow herself.

Here the bill was brought, not by the widow to have her dower assigned, but against the widow, where the widow says she has no dower. How can the widow be forced to take dower when she says she has no dower right? Can the circuit judge say to the widow, although you deny having a dower right you must take it against your will? The question answers itself.

Appellant furthermore contends that he is remediless at law. He argues that he cannot bring ejectment against her on account of Sec. 2277 of the Revised Laws, because that section, he says, entitles her to remain on and occupy the land until her dower is assigned. That section goes on to provide, however, that the widow's right to remain on the land without having her dower assigned only lasts so long as the heirs do not object thereto. See *Jones v. Pooloa,* 11 Haw. 755. And in this case it is conceded that plaintiff claims under the heir. So it also follows that plaintiff has a plain, adequate and complete remedy at law.

The practice followed in this instance of dismissing the bill on a motion to set for hearing was irregular, but that does not justify a reversal, because it was regarded by both parties as a ruling after the cause had been set down by plaintiff for hearing on bill and answer, and we so regard it.

The decree appealed from is affirmed.

*D. L. Withington,* (*Castle & Withington* on the brief), for plaintiff.

*W. S. Edings,* (with whom *Kinney, McClanahan & Derby* were on the brief), for defendant.