KANEOHE RICE MILL CO., LTD., *v.* EDWARD MA-
LAIHI HOLI (k), KAPAUHELANI (w), JOHN
B. KUPAU HOLI (k), HARVEY HOLI (k), KA-
WAHINEAUKAI, HENRY HEAHI HOLI (k),
MRS. ALE HOLI PRITCHARD, FRANK KAHA-
LAU HOLI (k), AND D. NAOIWI (k).

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED SEPTEMBER 18, 1911.          DECIDED SEPTEMBER 27, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

PARTITION—*trial of title.*

A bill for partition cannot be made the means of trying a dis-
puted legal title.

If, in a suit for partition, an issue is in good faith raised con-
cerning the extent of the petitioner's interest in the land, the
proper course is to suspend the bill and give the petitioner an
opportunity to sue at law.

OPINION OF THE COURT BY PERRY, J.

In a bill in equity for partition the petitioner claims that
F. W. Malaihi and Holi were the sons of Kahalua, the original
patentee of the land sought to be partitioned, and that by mesne
conveyances the interests of Malaihi and two of the eight chil-
dren of Holi, an undivided five-eighths in all, passed to and are
now in the petitioner, and also alleges that the respondent Na-
oiwi is the owner of an undivided three-eighths interest. Re-
spondent Naoiwi answers denying that Malaihi was the son of
Kahalua and claiming that Holi was the latter's only son and
that from Holi's children an undivided one-fourth interest
passed to the complainant and an undivided three-fourths inter-
est to the respondent and that the ownership of the land is in
the shares just stated and not otherwise. The circuit judge re-
serves for the consideration of this court the question whether
the court of equity has "jurisdiction to determine in said suit
for partition of said premises the extent or quantum of the in-

terest respectively owned by said petitioner and by said re-
spondent D. Naoiwi."

The general rule is well settled that "a court of equity does
not interfere unless the title be clear and never where the title
is" doubtful "until the party seeking a partition has had an
opportunity to try his title at law." 4 Kent. Com., 365.  If
the contest concerning the title is not in good faith or presents
equitable questions only equity, it seems, will decide all the
issues.  The general rule has been variously stated.  "It is
certain that courts of equity in assuming jurisdiction of the
subject of partition always disclaimed the authority to deter-
mine doubtful questions in regard to the legal title." Freeman,
Cotenancy and Partition, §502.  "A bill for a partition cannot
be made the means for trying a disputed title." Bispham's
Equity, 535.  "To entitle a plaintiff to a decree for partition
he must show that his legal title is clear.  *  *  *  The doc-
trine almost universally held is that if the plaintiff's legal title
is involved in doubt and is disputed and not established  *  *  *
the court will retain the bill to give the plaintiff a reasonable
opportunity to establish his title at law, and when he has done
that decree the partition according to his established right."
Nash v. Simpson, 78 Me. 142, 150.  "Courts of equity do not
generally settle the conflicting titles of parties in their suits for
partition.  Hence, to entitle the plaintiffs to a decree for par-
tition they must show a clear legal title." Pierce v. Rollins,
83 Me. 172, 177.  "Such a proceeding" (to settle the title in
a partition suit) "violates well settled principles and is against
the practice of a court of chancery unless the dispute is in re-
gard to an equitable title." Chapin v. Sears, 18 Fed. 814.
"So far as general principles go we certainly could not reverse
the decision of the court of appeals that the petitioners ought
to establish their title at law before partition should be de-
creed.  *  *  *  'A bill for partition cannot be made the means
of trying a disputed title.'" Clark v. Roller, 199 U. S. 541,
545.  See also Wilkin v. Wilkin, 1 Johns. Ch. 111, 117; Gif-

*fard* v. *Williams,* L. R. 5 Ch. Ap. Cas. 546, 547; *Burt.* v. *Hell-yar,* L. R. 14 Eq. Cas. 160, 166; *Dewitt* v. *Ackerman,* 17 N. J. Eq. 215; *Hay* v. *Estell,* 18 N. J. Eq. 251, 252; *Hardy* v. *Mills,* 35 Wis. 141, 146; *Deery* v. *McClintock,* 31 Wis. 195, 202, 203, and *Manners v. Manners,* 1 Green's Ch. (N. J.) 384, 385.

The plaintiff contends, however, that the rule does not apply to a case such as the one at bar where the respondent in his answer admits that plaintiff has some interest, raises an issue as to the quantum of that interest and claims for himself a larger interest than the plaintiff concedes to be his. Confining ourselves to the facts of the case,—a dispute concerning the relationship to the patentee of the persons under whom the parties claim, and recognizing that there are, perhaps, authorities to the contrary (*Agar* v. *Fairfax,* 17 Vesey, Jr. 533 and *West* v. *East Coast Cedar Co.* 101 Fed. 615, and 110 Fed. 725), we are unable to see any distinction in principle between this case and that of a denial of all of the plaintiff's title. The reasons which lead courts of equity to decline to exercise jurisdiction in the latter class of cases are of equal force in the former class. Those reasons are that questions, of fact at least, concerning the title to real estate are purely legal, appropriate to be determined by a court of law and that in their determination the parties are entitled to a trial by jury. Discussing the applicability of the Seventh Amendment to the Constitution of the United States that "in suits at common law where the value in controversy shall exceed twenty dollars the right of trial by jury shall be preserved," the supreme court of the United States has said that "where an action is merely for the recovery and possession of specific, real or personal property * * * the action is one at law," and that "in a contest over the title" to certain real property "both parties have a constitutional right to call for a jury." *Whitehead* v. *Shattuck,* 138 U. S. 146, 151. "It has been repeatedly held that when one institutes partition proceedings and the defendant raises the issue as to whether the plaintiff is the owner of the premises in question,

the issue thus raised is cognizable in a court of law and the parties are entitled to a trial by jury." *Gilbert* v. *Hopkins,* 171 Fed. 704, 707. "The proceedings in partition are not appropriate for a litigation between parties in respect to the title." *McCall* v. *Carpenter,* 18 How. (U. S.) 297, 302. "The jurisdiction in respect to titles of real estate is in courts of common law which courts of equity should hesitate to invade." *Kaaimanu* v. *Kauwa,* 3 Haw. 610, 612. "The claim of the plaintiff that she was entitled to an undivided half of this land was a claim of a legal nature and equity has no jurisdiction to determine it." *Kapuakela* v. *Iaea,* 9 Haw. 555, 556, 557. See also Ency. Law 1147; *Giffard* v. *Williams,* supra; *Morgan* v. *Mueller,* 107 Wis. 241, 244; *Kuala* v. *Kuapahi,* 15 Haw. 300, and *Ahin* v. *Opele,* 17 Haw. 525, 527. Even if, as is sometimes stated, there is not an inherent want of power in a court of equity to determine the issue of title provided the parties consent (Bispham's Eq. 535), that does not militate against this view. The exercise of jurisdiction in such cases is based upon a waiver by the parties of their right to a trial by jury. *Kuala* v. *Kuapahi,* supra.

In *Phelps* v. *Green,* 3 Johns. Ch. 302, cited by the plaintiff, the plaintiff's right to an undivided moiety was admitted by all concerned and the dispute was solely between the defendants as to the extent of their interests in the other moiety. It was ordered that the partition "be confined to the right of the plaintiff and to that of the defendants, considered aggregately; and that as to the conflicting claims between the defendants they ought to be settled at law before any further partition be made." Under similar circumstances practically the same course was followed in *Egner* v. *Meis,* 36 Atl. (N. J.) 943. These cases support our view of the law.

In *O'Hearn* v. *O'Hearn,* 58 L. R. A. 105, also cited by the plaintiff, the answer admitted "an absolute interest in the plaintiffs in the property, the amount or size of which depends upon the true construction of the will," and it was held that the court

of equity had power to settle the controversy. That precise question is not before us.

The circuit judge is advised that the court of equity should not determine the issue of title involved and that if the parties so desire the bill should be retained for a reasonable time to allow the plaintiff an opportunity to establish its title at law.

*A. A. Wilder* (*Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff.

*N. W. Aluli* (*Magoon & Weaver* with him on the brief) for D. Naoiwi.