W. M. HAWKINS et al v. RICHMOND CEDAR WORKS.

(Decided April 26, 1898.)

*Action to Recover Land—Adverse Possession—Color of Title—Appeal—Exception—Agreement of Parties—Judgment—Costs.*

1. To ripen a title by adverse possession for seven years, it is not necessary that the entry shall have been made under color of title nor, when color of title is obtained subsequent to the entry, that any declaration shall be made or any act of publicity shown to indicate that the holding thereafter is under color of title, the pre-

sumption of law being that a party in possession holds under such title as he has and from the time it was acquired.

2. An exception to findings of fact by a referee cannot be taken for the first time in this Court.

3. Where the parties to a cause pending in court have made agreements in relation to the proceedure therein, they cannot object to action which could not have been taken but for their assent, and which was based upon it; hence,

4. Where the parties to an action agreed that the trial Judge might hear and determine the case outside of the county where it was pending, and there was no limitation as to the time and place, and the Judge within a reasonable time announced his decision, and no notice of withdrawal of consent was given; *Held* that neither party had the right to object to the signing of the judgment, such signing being a mere formality after the announcement of the decision.

5. Where, on appeal, the judgment below is partly affirmed and partly reversed, as a matter of discretion the Court can order the costs equally divided between the parties. *The Code*, Section 527.

CIVIL ACTION for damages for trespass on land and an injunction, heard before *Timberlake, J.*, at Fall Term, 1896, of DARE Superior Court, on exceptions to the report of Hon. H. G. Connor, referee. The case as constituted is a consolidation of cross actions by the parties, and was originally referred to H. G. Connor, F. H. Busbee and W. D. Pruden, but the two last named, being of counsel for the parties, withdrew from the decision of the case and left it solely to Mr. Connor. The record is voluminous, and the exceptions to the findings of fact and conclusions of law are numerous. His Honor overruled all the exceptions of the defendants and, by consent, two of the plaintiffs' exceptions. The defendants appealed.

It was agreed during the term of Dare Court that the case should be heard and judgment signed out of term and out of the county. Further than that nothing was said as to time or place. Shortly after the adjournment of Court, and during the same week, the case was

argued before the Judge, when it was agreed that counsel for plaintiff should present other authorities, which authorities were shortly thereafter sent to the Court at Louisburg. After this and before January 1st, 1897, the Judge announced to the parties what his decision was, but on account of the failure of parties to agree upon form of judgment, it was not signed until after January 1st, 1897, to-wit, April 12th, 1897. The judgment which was signed was the judgment prepared by the counsel for plaintiff and sent to the Court before January 1st, 1897. The counsel for defendant objected to the signing of the judgment after January 1st, before it was actually signed, upon the grounds that the agreement made at Dare Court could not be extended beyond January 1st, 1897, and beyond the district, and that not being signed before, it could not be signed after January 1st, 1897. Counsel for defendant made no point about this till after January 1st, 1897.

*Messrs. E. F. Aydlett* and *F. H. Busbee*, for plaintiff.

*Messrs. Shepherd & Busbee, R. T. Gray* and *W. D. Pruden*, for defendants.

CLARK, J.: Sykes had been in possession a year or more before he obtained the Belangia deed, but it is not necessary to ripen a title by seven years adverse possession that the entry shall be made under color of title, nor, when color of title is obtained subsequent to the entry, that any declaration shall be made or any act of publicity shown to indicate that the holding thereafter is under color of title    Every possession is presumed to be under such title as the party in possession holds, and from the time such title is acquired. *Bryan* v. *Spivey*, 109 N. C., 57, does not sustain the plaintiffs'

contention, but is to the contrary. Indeed, we find no authority for his contention. Sykes entered in 1868, but as he acquired color of title in 1870, and held possession under it till 1881, the referee properly ruled that this ripened the title in him. In *Rogers* v. *Mabe*, 15 N. C., at page 195, Ruffin, C. J., says: "If one in possession take a deed in fee from another who has no right, that is colorable title which apparently authorizes the subsequent possession."

As to the contention that the "Richmond Cedar Works Co." and the "Richmond Cedar Works Co., Limited," were different corporations, if there was any evidence to sustain it, the point should have been presented and the fact found below. It is too late to make that exception for the first time in this Court.

There was evidence of slight breaks in the possession of Sykes, but there was evidence which authorized the referee to find that there had in law been a continuous possession under color of title by Sykes for more than seven years. We do not understand that his Honor overruled that finding of fact, but to have sustained the plaintiff's exception upon the proposition of law above stated. He did not reverse the finding of the fact, but the conclusion of law.

The defendant's exception that the central tract should have been held a parallelogram instead of a triangle is also made in this Court for the first time and cannot be considered.

The Court below properly overruled all the defendant's exceptions. This Court has carefully and fully considered each of them, as the importance of the case, and the earnestness and ability of the argument demanded, but it would serve no good purpose to discuss them in detail, as they involve merely the application of

familiar principles of law to the facts of this particular case. These exceptions depend largely upon the contention that there was no evidence to support the findings of fact and that certain deeds were too vague and indefinite to constitute color of title, as to which, and all the other exceptions of the defendant, we concur with the rulings of the referee and his Honor. The report of the referee was drawn with care, clearness and ability, and, except in the respect in which it was amended by consent, should have been approved by the Court below. The judgment will be so modified in accordance with this opinion.

By consent of all parties the Judge was to hear and determine the case at any point outside of the county of Dare. There was no limitation as to time or place. It was duly argued, and after argument it was agreed that the appellant might present other authorities and they were sent to the Judge at his home in Louisburg. Before January 1, 1897, (the cause was tried at Fall Term, 1896, of Dare) the Judge announced to parties his decision. Appellees prepared the judgment but the appellants objected to it, and then for the first time objected to its being signed. Having agreed that the judgment might be signed out of Court, the parties cannot object to action which could not have been taken but for their assent and which was based upon it. *Benbow* v. *Moore*, 114 N. C., 263; *Bank* v. *Gilmer*, 118 N. C., 668, and numerous cases there cited. Good faith demands that parties abide their own agreement. It might be that, where a matter like this is held by a Judge under advisement an unreasonable time, a party might notify both him and the opposite party of the withdrawal of consent, but even then, assuredly, reasonable time must be given the Judge to act by naming

a future day, by which time, if no judgment is signed, the consent will be withdrawn. But that state of facts is not presented here. There was no notice that if judgment was not rendered by a day named consent would be withdrawn. On the contrary, judgment was actually rendered and announced before any objection was made. The subsequent signing was a formality.

The judgment being "affirmed in part and reversed in part," the Court thinks it a proper case to order that the costs of this Court, including printing the record, shall be equally divided (*Code*, Section 527), especially in view of the nature of the action, which is to ascertain the rights of the several parties.

Modified and affirmed.