WEST v. EAST COAST CEDAR CO. et al.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1900.)

No. 354.

1. PARTITION—PARTIES—INTERVENTION.

A part owner of a tract of land who is not made a party to a suit for its partition, but who claims as a tenant in common with the parties, and from the same source of title, may properly be allowed to become a party by intervention, being in fact a necessary party to a decree for its partition.

2. SAME—JURISDICTION TO DETERMINE INTERESTS OF PARTIES.

Where the title of a complainant in a suit for partition is not denied, but only the quantum of his interest is disputed, the court has jurisdiction to

determine the interests of the respective parties, and there is no occasion for ordering an issue at law, or for suspending the cause in equity until an action at law has been had, for the purpose of trying title.

3. SAME—SCOPE OF SUIT—LITIGATION OF ADVERSE TITLES.

When a party is permitted to intervene in a suit for partition because he claims to hold an estate in common with the other parties to the suit, he cannot in that suit set up a title adverse to the common title, but to assert such title he must proceed in an independent action at law.

Appeal from the Circuit Court of the United States for the Eastern District of North Carolina.

Thomas B. Womack (Armistead Jones and Womack & Hayes, on the brief), for appellant.

E. F. Aydlett (F. H. Busbee, on the brief), for appellees.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

SIMONTON, Circuit Judge. This case comes up on appeal from the circuit court of the United States for the Eastern district of North Carolina. The proceedings began in the circuit court by a bill filed by the East Coast Cedar Company against the Richmond Cedar Works, seeking partition of certain lands in North Carolina held by these two corporations as tenants in common by several conveyances to them, respectively, from the heirs of Bannister Jarvis and Levy Walker, who had held them as tenants in common. Pending these proceedings, William A. West, the appellant, prayed leave to intervene, claiming that he also had an undivided interest in the same lands. Thereupon he filed his petition intervening, and averring that he is the owner as tenant in common of an interest equal to 1,480⅔ acres in the tracts of land described in the bill. The cause was thereupon referred to a special master. At the references it appeared that West held under a conveyance of the interest of Caroline Walker, one of the heirs of Levy Walker; but he also claimed one-third of the land under a title, dated after the bill in this case was filed, from the heirs of one Spruill, who was co-tenant with the Sykeses, from whom it is charged that Jarvis and Walker derived title. The referee held that it was not competent in this suit for the intervener to dispute the title of the complainant and defendant, as he claims under Caroline Walker, who derived title from a common source with them. He also held, examining into the title of Jarvis and Walker, that they had a perfect title by possession under color of title, and that the claim of the heirs of Spruill was barred. He then recommended a partition between the complainant and the defendant.

The report of the referee was affirmed, and his legal conclusions adopted, by the circuit court. The intervener excepted, and the cause is here on the assignments of error. These present the questions arising out of the conclusion of law of the referee.

The facts of the case necessary for a proper understanding of these questions are as follows: On 8th April, 1796, the state of North Carolina issued a patent to John McRae of 5,080 acres, lying within the boundaries of a patent issued the year before for over 100,000 acres

to John Gay Blount. In 1809 the sheriff, under execution for taxes, sold and conveyed all McRae's right, title, and interest in this tract to John Armistead, and the same year Armistead conveyed all his title and estate in this tract to Daniel Sawyer. Sawyer, by deed 11th February, 1811, conveyed one-half of this entire tract in fee to John Sykes, Thomas Sykes, and Joseph Spence, as tenants in common. This is the northern half of the McRae patent, and includes the lands in controversy in this case. In April, 1851, Bannister H. Jarvis and Levy Walker entered into possession of this northern half of the McRae patent under two deeds,—one dated 8th April of that year, executed by one Joshua T. McCoy; the other dated 11th April of the same year, executed by one John Sykes, Jr. The undivided half interest of Bannister Jarvis by several deeds passed to, and became vested in, W. W. Archibald, and then in the East Coast Cedar Company. Levy Walker died apparently intestate, leaving as his heirs at law his children, Caroline, Elizabeth A., Emaline, and Nathan L. Walker. The interest and estate of all these persons but Caroline became vested in one or other of the two corporations, the complainant and defendant in this suit. There had been previous litigation between these persons, to which litigation Caroline Walker was not a party. It is admitted that she has an undivided interest in this northern half of the McRae patent to the extent of two-sixteenths, and that this interest vests in the intervener, William A. West. West, however, contends that Jarvis and Walker did not have a complete title to this northern half of the McRae patent; that it was conveyed in undivided thirds to John Sykes, Sr., Thomas Sykes, and Joseph Spence; that, although Jarvis and Walker could show a complete chain of title from the two Sykeses, there is a fatal break in the chain of title from Spence. In 1812, Spence conveyed all his estate in this tract to Samuel Spruill. The next deed is Samuel Spruill, by H. G. Spruill, to Willoughby Foreman, and no authority is produced whereby H. G. Spruill executed the deed for Samuel Spruill. Nor is any deed produced from Willoughby Foreman. The only mention of it is in a deed from Joshua T. McCoy to Jarvis and Walker, which recites that the land conveyed in that deed is the same that was conveyed to McCoy by the heirs of Willoughby Foreman. It must be noted that in their testimony these corporations, the complainant and defendant, who claim under Jarvis and Walker, do not set up any paper title. They claim to be the owners of their interest by reason of actual, notorious, and adverse possession, using the lands as their own under color of title for more than seven years, and that this gives them a good title as against all adverse claimants. They admit that Caroline Walker and her assigns are not barred. In this contention they are supported by the referee, and his opinion was confirmed by the court. The intervener, on the other hand, insists that holding these conveyances they do assert title by deed, and that, the chain being imperfect, there is outstanding a title in the heirs of Samuel Spruill. He offered in evidence a conveyance of all these heirs to him of the undivided third part of this land held by their ancestor. In other words, his position is that Jarvis and Walker have a clear title to two thirds only of the land, and that the

remaining third rests in him. That Caroline Walker, therefore, instead of being entitled to two-sixteenths of the whole, is entitled only to two-sixteenths of two-thirds, and that in the decree of partition the court should either allow him this two-sixteenths of two-thirds, and the one-third of the whole tract sought to be partitioned, or suspend the proceedings in partition until he can establish his title at law.

The original proceedings for partition in this case were between the East Coast Cedar Company and the Richmond Cedar Works. William A. West filed his petition for leave to intervene. In so doing he recognizes the jurisdiction of the court in this as a partition case, and submits himself to its decree. He was and is a necessary party to this suit. He claims an undivided interest in the lands sought to be partitioned, recognizing that the parties complainant and defendant also have an undivided interest in the same lands. In other words, he claims to be a tenant in common with them. This assertion on his part is recognized, and only the extent of his interest claimed is denied. He certainly is a necessary party. In Barney v. Baltimore City, 6 Wall. 280, 18 L. Ed. 825, the question was discussed. Mr. Justice Miller puts co-tenants in common in a suit for partition in that class of persons whose relations to the suit are such that, if their interest and their absence were formally brought to the attention of the court, it will require them to be made parties, if within the jurisdiction, before deciding the case. The reasons given by the learned justice are very strong, and may assist in the further elucidation of this case. He says:

"If a decree is made which is intended to bind them, it is manifestly unjust to do this when they are not parties to the suit, and have no opportunity to be heard. But, as the decree cannot bind them, for that very reason the court cannot afford the relief asked to the other parties. If, for instance, the 'ree should partition the lands, * * * the particular pieces of land allotted to the parties before the court would still be undivided as to those parties whose interest in each piece would remain as before the partition. And they could at any time apply to the proper court, and ask a repartition of the whole tract, unaffected by any decree in this case, because they cannot be bound by a decree to which they are not parties."

In Willard v. Willard, 145 U. S. 116, 12 Sup. Ct. 818, 36 L. Ed. 644, a tenant in common whose title in an undivided share of the land is clear, is entitled to a partition as a matter of right.

This being the case, the circuit court very properly allowed the petitioner to intervene for his interest and to become a party defendant to the suit. In his answer he sets up his claim, and seeks to support it by testimony. He claims an interest in the land equal to 1,480⅔ acres, made up of the interest of Caroline Walker therein now held by him, and of an undivided third therein as alienee of the heirs of Samuel Spruill.

It is objected to this claim that the intervener is estopped from making it as he claims under Caroline Walker, and this assertion of a title in one-third of the tract as alienee of Spruill's heirs is in derogation of her title. But there is nothing in the record which shows how much of this land he claimed by or for Caroline Walker. The intervener holds her right, title, and interest therein, without designation of what that right, title, and interest is. And, if she did claim

an undivided interest in the whole fee in the entire tract, there can be no legal objection to his attempt to strengthen his own title by the purchase of an outstanding claim. Freem. Co-Ten. § 154 et seq. The most that the other parties can assert is the right to secure the benefit of this by offering to pay and by paying their proper proportion of the expense. Id. As they have done neither, it is not necessary to pass on this question. Id. § 156.

The intervener being properly a party, does his assertion of an interest greater than that which the complainant and defendant admit that he has render it necessary to suspend the case and await a trial of the title at law? It must be noted that the intervener does not deny that the complainant and defendant each has an interest in common in the land,—an undivided interest. His sole contention is as to the amount of such interest. Nor does he claim in any other character than as a co-tenant. He is co-tenant with them by virtue of his holding the share to which Caroline Walker was entitled. He alleges that he is co-tenant with them by virtue of his holding the undivided share of Samuel Spruill, who was co-tenant with their grantor, the Sykeses. So, the real question is not on a conflict of title, but on a quantum of interest. In every suit for partition between parties admitted to be tenants in common, the court, for the purposes of partition, must ascertain and determine the aliquot share of each part owner. This is absolutely necessary to the proper exercise of its jurisdiction, and is one of the reasons given for the requirement that every part owner must be before the court. "In all cases of partition," says Mr. Justice Story, "a court of equity does not act merely in a ministerial character and in obedience to the call of the parties who have a right to the partition, but it founds itself upon its general jurisdiction as a court of equity, and administers its relief ex æquo et bono according to its own notions of general justice and equity between the parties. It will therefore, by its decree, adjust all the equitable rights of the parties interested in the estate, and courts of equity, in making these adjustments, will not confine themselves to the mere legal rights of the original tenants in common, but will have regard to the legal and equitable rights of all other parties interested in the estate which have been derived from any of the original tenants in common." Quoted by Campbell, J., in McCall v. Carpenter, 18 How. at page 306, 15 L. Ed. 392; Story, Eq. Jur. § 6566.

The intervener asked the court below to hold its hand until the question of title could be tried at law. It is true that when the title of a complainant is disputed, and his right to maintain his bill for partition is denied, a court of equity will suspend its interference until the question of legal title has been determined at law. Pom. Eq. Jur. §§ 1388, 1392; Vint v. King, Fed. Cas. No. 16,950; Brown v. Coal Co., 25 U. S. App. 112, 13 C. C. A. 66, 65 Fed. 636. The complainant in a bill for partition has no standing in court unless his title as co-tenant is admitted or has been established at law. But in this case there is no denial of the title of the complainant, nor of its right or of the right of the defendant to a partition. The tenancy in common is admitted, and these two parties and the intervener are without question the tenants in common. The position of the inter-

vener is this: By reason of his acquisition of the interest of Caroline Walker, he is co-tenant with them in all the land held by Jarvis and Walker. By reason of the acquisition by him of the interest of the heirs of Samuel Spruill, he is co-tenant with them in the tract, as they hold under Sykes, who, as he claims, was co-tenant with Samuel Spruill. So the question is not one of title affecting the right to ask a partition, without establishing which partition could not be allowed; but, granting that such a title exists in complainant as would entitle it to sustain a bill for partition, the issue is as to quantum of interest in each co-tenant,—how much must be allotted to the complainant and defendant and the intervener as their shares, respectively, in this land. So, in this case the circuit court sitting in equity could go into this inquiry by its own methods, and could determine the question. The court did not err in refusing to hold the case, and await a trial at law. Agar v. Fairfax, 17 Ves. 533; Adam, Eq. § 231. The circuit court referred the question to a special master, one of the most experienced and learned members of the bar of its district. He found against so much of the contention of the intervener as claimed that he was entitled to an undivided one-third of the land.

Jarvis and Walker claimed the fee in the whole of the northern half of the McRae patent. Their claim was of all the land embraced in deeds executed to them by John Sykes, Jr., in 1851, and Joshua T. McCoy on April 8, 1851. These deeds covered the entire northern half of the McRae tract. This McCoy deed cannot be connected with any preceding deeds. Jarvis and Walker entered into actual possession of these lands, under color of these deeds, showing the boundaries and extent of their claim. This was their color of title. They claimed it against the world. Their joint possession was until Walker's death, about 1868, and Jarvis remained in possession until his death, May 20, 1878. By the law of North Carolina, seven years' adverse possession under color of title makes a good title. Battle's Revisal, tit. "Limitation of Actions," c. 17, §§ 20, 23, 147. As against a tenant in common, the possession must be 21 years. McCulloh v. Daniel, 102 N. C. 530, 9 S. E. 413.

It is said that the deeds under which Jarvis and Walker entered do not show a perfect chain of title, and are defective or inoperative. This does not affect them when produced to show color of title. "The courts," says the supreme court in Wright v. Mattison, 18 How. 56, 15 L. Ed. 283, "have concurred, it is believed without an exception, in defining 'color of title' to be that which in appearance is title, but which in reality is no title. They have equally concurred in attaching no exclusive or peculiar character or importance to the ground of the invalidity of an apparent colorable title. The inquiry with them has been whether there was an apparent or colorable title under which an entry or a claim has been made in good faith." In Pillow v. Roberts, 13 How. 477, 14 L. Ed. 231, the law is thus stated:

"Statutes of limitation are founded on sound policy. They are statutes of repose, and should not be evaded by a forced construction. The possession which is protected by them must be adverse and hostile to that of the true owner. It is not necessary that he who claims their protection should have

a good title, or any title but possession. A wrongful possession, obtained by a forcible ouster of the lawful owner, will amount to a disseisin, and the statute will protect the disseisor. One who enters upon a vacant possession, claiming for himself upon any pretense or color of title, is equally protected with the forcible disseisor. Statutes of limitation would be of little use if they protected those only who could otherwise show an indefeasible title to the land. Hence color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims for himself, and, of course, adversely to all the world. A person in possession of land, clearing, improving, and building on it, and receiving the profits to his own use, under a claim of title, is not bound to show a forcible ouster of the true owner, in order to evade the presumption that his possession is not hostile or adverse to him. Color of title is received in evidence for the purpose of showing the possession to be adverse, and it is difficult to apprehend why evidence offered, and competent to prove that fact, should be rejected till the fact is otherwise proven."

In Webber v. Clarke, 74 Cal. 11, 15 Pac. 431 (quoted in 1 Am. & Eng. Enc. Law [2d Ed.] p. 852), it is put thus:

"It makes no difference that the grantor had neither title nor possession, provided the deed is not void on its face, and the parties relying upon it believe in good faith that he has acquired an interest under it."

Manufacturing Co. v. Brooks, 106 N. C. 107, 11 S. E. 456.

It is insisted, however, that Jarvis and Walker hold under Samuel Spruill, and that they are bound by the deeds to claim through him. But the record shows that they claimed title under color, in conveyances of the entire tract from John Sykes, Jr., and Joshua McCoy, and that on possession under this they rely. They cannot connect themselves with Samuel Spruill, and have not done so. Indeed, the only standing in court on this issue on the part of the intervener is that the complainant and defendant have no title from Spruill. If they had such title, the heirs of Spruill could convey nothing. It is contended, however, that Sykes was a tenant in common with Spruill, and that as Jarvis and Walker hold under Sykes their possession must be for 20 years to bar the co-tenant of Sykes. But Jarvis and Walker use the Sykes deed simply to show the extent and character of their possession as color of title. They do not insist upon—they are not called upon to show—any validity in that deed or any right of Sykes to make it. They rely on their possession and claim title against the world. Beside this, they show also as color of title the deed of Joshua McCoy, which, under the testimony, has no validity in the chain of title. And with this deed and the Sykes deed, showing the extent and boundaries of their claim, they set up title by possession for more than seven years. Beside this, if it be held that the Jarvis and Walker title must depend upon the deed of John Sykes, Jr., from this point of view the intervener has no title. That deed was executed on April 22, 1851. It is recorded. It conveys the whole tract. McCoy's deed in the same year conveys the whole tract also. Jarvis and Walker went into actual possession, and held joint possession until Walker's death, and then Jarvis continued the possession until his death in May, 1878. These deeds of Sykes and McCoy constitute disseisin of Spruill, if he had any right. Clapp v. Bromagham, 9 Cow. 554. The possession of Jarvis and Walker, adverse and continuous thereunder, jointly until 1868, and of Jarvis until 1878, his possession inuring for the benefit of the heirs of Walker,

his co-tenant, gives them an absolute title. Day v. Howard, 73 N. C. 1; Neely v. Neely, 79 N. C. 478.

In our opinion, the circuit court committed no error in confirming the conclusion of the referee. We express no opinion upon the conclusion expressed by the referee, and confirmed by the court, that the intervener, claiming under Caroline Walker, was estopped from asserting the title of the heirs of Spruill, which he had afterwards purchased. The conclusion reached by the circuit court is affirmed.

### On Rehearing.

#### (May 16, 1900.)

A petition for rehearing has been filed in this case, and has received careful consideration. Two points have been decided in this case: First. That in a bill for partition, in which the title of the complainant seeking partition is not denied, and only the quantum of his estate is disputed, there is no reason for ordering an issue at law, or for suspending the cause in equity until an action at law has been had, for the purpose of trying title. It being admitted that complainant has title, the jurisdiction of the court cannot be disputed. Second. When a party is permitted to intervene in a suit for partition, because he claims to hold an estate in common with the other parties to the suit, he cannot in that suit set up a title adverse to the common title. To do this he must proceed in an independent action at law. The East Coast Cedar Company filed its bill against the Richmond Cedar Works, seeking partition of certain lands in the state of North Carolina, in which the parties complainant and defendant were tenants in common. They claim these lands under mesne conveyances from the heirs of Bannister Jarvis and Levy Walker, who had held the tract of land sought to be partitioned as tenants in common. The purpose of the suit was the partition of the Jarvis and Walker title. After this suit was instituted, William A. West, the appellant, sought to intervene therein. He could do so only because of his claim to represent a portion of the Walker interest as alienee of Caroline Walker, one of the heirs of Levy Walker. Except for his claim as tenant in common with the other parties to the suit in the Jarvis-Walker lands, he could have had no standing in a suit in equity for partition of this title. Proceedings for partition are not appropriate for a contest in respect to title. McCall v. Carpenter, 18 How. 297, 15 L. Ed. 389. Had he claim in this land from an adverse source, his remedy was at law, in an action to try the title. His prayer to intervene was allowed. He did intervene and filed his answer, claiming a large part of the land. He based his claim upon the assertion that Jarvis and Walker were not sole owners of the tract sought to be partitioned, but that there was an outstanding adverse title in one Spruill to the one-third of this tract, which title, he averred, was now in him. The court below held, in effect, that the proceeding before it was the partition of the Jarvis-Walker title; that to this suit only those persons claiming as tenants in common under that title were necessary parties; that the intervener had been admitted only because he claimed through an heir of Walker; and

that in that suit he could not set up a title adverse to the Jarvis and Walker title. In this conclusion this court concurred, and the opinion filed limits its affirmation of the decree of the circuit court to this conclusion. With some of the conclusions of law of the special master, approved by the court, this court did not concur, and so expressed itself in its opinion. In one of these specially, to wit, that the intervener was estopped from asserting the title of the heirs of Spruill, because he had had a conveyance of the interest of Caroline Walker, this court carefully refrained from expressing any conclusion. In the opinion filed by this court, the writer of the opinion discusses the validity of the claim of the heirs of Spruill, and expresses the conclusion that Jarvis and Walker had an absolute title. This, perhaps, was a discussion aside from the real points decided, and may be obiter dictum. But in the conclusion reached by the court, that in this proceeding for partition in equity an intervener who is admitted as a party because he claims under a common title with the other parties cannot, after he comes in, set up an outstanding title adverse to that under which the other parties claim, we see no error. If the intervener wishes to establish such a title, he must proceed in a separate action at law.