### In re SAN GABRIEL SANATORIUM CO.

### PERKINS v. MARKHAM et al.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1900.)

### No. 573.

1. BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEES.

A court of bankruptcy has jurisdiction of an action by a trustee in bankruptcy against a receiver appointed in pending proceedings in a state court for the foreclosure of a mortgage, and sued by leave of that court, to recover the property affected, on the ground that the property was fraudulently conveyed by the bankrupt to the present holder, and that the lien of the mortgage is invalid in whole or in part.

2. SAME—RESTRAINING MORTGAGE FORECLOSURE.

After the institution of proceedings in bankruptcy, a mortgage creditor of the bankrupt brought suit in a state court to foreclose his mortgage, and procured the appointment of a receiver therein. The trustee in bankruptcy, challenging the validity of the mortgage lien, in part, obtained leave from the state court to sue its receiver for the recovery of the property, and began an action against him in the court of bankruptcy. The mortgagee moved the latter court to permit him to make the trustee a

party to his foreclosure suit, and the trustee applied for an injunction to restrain the further prosecution of the foreclosure proceedings. *Held*, that the court of bankruptcy should retain its jurisdiction over the controversy until the claims of the parties were fully determined, and that, pending such adjudication, the application of the mortgagee should be denied, and that of the trustee granted.

On Petition for Review of Certain Orders of the District Court of the United States for the Southern District of California, in Bankruptcy.

This matter has been brought into this court upon the petition of the trustee in bankruptcy to review two orders of the court below,—one granting leave to make the trustee in bankruptcy a party defendant to foreclosure proceedings in the state court, and the other denying the petition of the trustee for an injunction to restrain said foreclosure proceedings. It appears that the property involved in the foreclosure proceedings, known as the "San Gabriel Sanatorium," and situated in the county of Los Angeles, state of California, was prior to December 14, 1897, owned by the respondent H. H. Markham; that on that date he sold said property to the International Pulmonary Company, a corporation, taking a note in part payment thereof, and a mortgage securing the same, covering all of said property; that thereafter said mortgagor conveyed said property to the San Gabriel Sanatorium Company, a corporation, and said last-named corporation thereafter, to wit, on March 20, 1899, executed a deed of said property to one J. W. McCauley, who entered into possession thereof. Within four months after the execution of the deed to McCauley, to wit, on March 21, 1899, a petition in involuntary insolvency was filed by certain creditors of the San Gabriel Sanatorium Company; and on June 26, 1899, said company was adjudicated a bankrupt, on the grounds that a fraudulent preference was made on February 13, 1899, to the First National Bank of Pasadena, and that on March 20, 1899, it transferred its property to J. W. McCauley, without consideration, to hinder, delay, and defraud its creditors. On August 14, 1899, the respondent H. H. Markham commenced an action in the state court to foreclose the aforesaid mortgage upon the real and personal property of the bankrupt, and for the appointment of a receiver. A receiver was appointed the following day, August 15th, and qualified as such. This action was against the International Pulmonary Company (mortgagor), the First National Bank of Pasadena, and J. W. McCauley. The meeting of creditors of the said bankrupt to elect a trustee was begun on July 22, 1899, and continued until August 23, 1899, when the petitioner, Gregory Perkins, Jr., was appointed as trustee of the estate of the San Gabriel Sanatorium Company, bankrupt. It appears that this estate consisted solely of the property known as the "San Gabriel Sanatorium,"—a large institution for the cure of consumptives and other invalids, and for boarding and providing the inmates thereof with hotel accommodations. On August 29, 1899, the trustee filed a petition in the state court for leave to sue the said receiver for the recovery of all the property involved in said foreclosure action to the estate of said bankrupt. This petition was granted, and thereupon a suit was instituted in the United States district court against said H. H. Markham, the First National Bank of Pasadena, and J. W. McCauley. On September 8th following, the respondent Markham applied to the United States district court for permission to make said trustee a party to the foreclosure proceeding in the state court. The First National Bank of Pasadena filed a petition in the United States district court September 6, 1899, setting forth that on February 13, 1899, it took a note from the said bankrupt, secured by a chattel mortgage on personal property in said sanatorium, and that it desired to file a cross bill in said foreclosure suit brought by the respondent Markham in the state court, and also prayed leave to make the said trustee a party defendant therein. On October 10, 1899, the United States district court granted these applications. This action of the court is the first error assigned by the petitioner. On October 13, 1899, the trustee filed a further petition, setting forth, in addition to the above matters, that, if said mortgages of Markham and the bank are permitted to be foreclosed in the state court, a large amount of expense

will be incurred, and by reason of the embarrassments concerning the title to said property in consequence of the several transfers, mortgages, and conflicting claims, the interests of said bankrupt estate and of all parties interested will be better subserved, guarded, and protected by a sale of the property free and clear of all liens thereon, due provision being made for the rights of Markham, the bank, McCauley, and others, by transferring the same to the proceeds derived from said sale; that, under the law and course of procedure in the state of California, it is impossible for the trustee to litigate and have adjudicated in said foreclosure proceeding the conflicting interests between him and said McCauley regarding the illegal transfer under which said McCauley claims all of the equity of redemption in the property aforesaid. And the petitioner prays that Markham and the First National Bank of Pasadena be restrained from further prosecuting said foreclosure proceedings, and for an order directing and authorizing the sale of the said property free and clear of all liens and incumbrances and conflicting claims of title by the trustee, the bank, McCauley, Markham, and the receiver. On October 21, 1899, the judge of the court below entered an order refusing to grant the foregoing petition. This action of the court is also assigned as error by the petitioner.

E. T. Dunning, for petitioner.

Anderson & Anderson, for respondent H. H. Markham.

A. R. Metcalfe, for respondent First National Bank of Pasadena.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the case as above, delivered the opinion of the court.

After Markham had commenced his action in the state court, on August 14, 1899, to foreclose his mortgage upon the real and personal property of the bankrupt, and for the appointment of a receiver to take charge of the same, and before he had applied to the United States district court, on September 8, 1899, for leave to make the bankrupt and the trustee of the bankrupt estate parties defendant to the action in the state court, the trustee in bankruptcy had, on August 29, 1899, applied to the state court having jurisdiction of the foreclosure proceedings, and had obtained the permission of that court to bring suit in the United States district court against the receiver appointed by the state court, for the recovery of all the property described in the complaint in the foreclosure proceeding; and the trustee had, on August 29, 1899, brought that suit in the United States district court, and process had been duly issued in the action and served upon all the parties. This action was therefore pending in the district court at the time the court made the orders which are now the subject of review, and was within the jurisdiction of that court. See opinion in the case of Hall v. Kincell (rendered at the present term of this court) 102 Fed. 301. It appears from the record that the trustee in bankruptcy in this action challenges the validity of the Markham mortgage, to the extent of the personal property claimed by the mortgagee to be covered by it. He also denies the validity of the chattel mortgage given to the First National Bank of Pasadena to secure the payment of $10,000, and alleges that the sale of the real and personal property to McCauley was illegal and void. It appears further that the district court, in determining the issues presented by the petition in bankruptcy, held that the latter sale was without consideration, and was fraudulent and void as against the creditors of the bankrupt. The court also held that the chattel mortgage was

illegal and void, as to $8,000 thereof, for the reason that the mortgage was executed at a time when the bankrupt was insolvent, and that to the extent of $8,000 it was given and received as a preference, contrary to the provisions of the bankrupt act. It remains for the district court, as a court of bankruptcy, to determine the validity of the chattel mortgage for the remaining $2,000, and the validity of the Markham mortgage with respect to the personal property therein described.

In this aspect of the proceedings, we are of the opinion that the district court, having the general jurisdiction at law and in equity provided in the act of July 1, 1898 (30 Stat. 544), was authorized to determine these questions, not only upon the issues presented by the petition in bankruptcy, but also in dealing independently with the claims of the lienholders as against the property of the bankrupt estate. It is true, the state court has exclusive jurisdiction over proceedings to foreclose mortgages; but where, as in this case, the state jurisdiction has been invoked after bankruptcy proceedings have been commenced, and where the validity of a mortgage lien, or some part of it, is involved in the bankruptcy proceedings, we think the bankruptcy court should retain its jurisdiction until such claims are fully determined and adjudicated; and particularly should this be the action of the bankruptcy court when the state court, exercising the rule of comity which should always obtain between the state and federal courts, consents that its receiver may be made a party to the action in the federal court. It follows from these considerations that pending adjudication of these claims the district court should have denied the application to make the trustee in bankruptcy a party defendant to the foreclosure proceedings in the state court, and should have granted the petition of the trustee that the plaintiff in the foreclosure proceedings and the First National Bank be enjoined until the further order of the court from further prosecuting the foreclosure proceedings in the state court.

The disposition to be made of the property after an adjudication by the court of bankruptcy as to the validity of the mortgage lien may properly be left to be determined, in view of all the circumstances, when that stage of the proceedings has been reached. The court may direct the trustee to sell the property free from whatever mortgage lien may be found to exist upon it, or the court may direct that it may be sold subject to such lien, or the trustee may be directed to appear in the state court, and represent the interest of the bankrupt estate in foreclosure proceedings in that court. The district court will, of course, pursue that method of procedure which will best subserve the interests of the bankrupt estate, while at the same time preserving the valid rights of the mortgagees. The orders of the district court involved in this review are reversed, and the cause remanded for further proceedings in accordance with this opinion.