WEST v. EAST COAST CEDAR CO.

(Circuit Court, E. D. North Carolina. July 31, 1901.)

1. EJECTMENT—EVIDENCE OF TITLE.
   As plaintiff in ejectment must recover, if at all, on his own title, evidence to show defendant's title is subject to objection.

2. ESTOPPEL.
   Laws N. C. 1889, c. 243, § 2, declaring swamp lands not listed for taxes forfeited to the board of education, does not estop plaintiff in ejectment against a private person from claiming title.

At Law.

Thomas B. Womack, for plaintiff.
E. F. Aydlett and Fab. H. Busbee, for defendant.

PURNELL, District Judge. This action of ejectment is another phase of a controversy between the same parties, determined by the circuit court of appeals, and reported in 41 C. C. A. 528, 101 Fed. 615 et seq., and was instituted in accordance with the intimation at the end of the opinion filed on the rehearing. In the former controversy, which was a suit for partition, plaintiff intervened, and was allotted two-sixteenths of what is known as the "Jarvis-Walker title" to the land in controversy. He now brings an action at law to recover a third interest in the same land, known as the "Spruill title," which both this and the circuit court of appeals held he could not set up in the former suit, having intervened as a tenant in common in a petition for partition. By stipulation in writing it was agreed by counsel "that the matter shall be heard both upon the law and the facts by the judge, a jury trial being waived."

The only issue submitted by counsel was: Is the plaintiff entitled to recover, and, if so, what interest? This issue was not adopted by the court, and is not a proper issue in an action of ejectment. The proper issue would be: "Is the plaintiff the owner, and entitled to the possession, of the land described in the complaint, or any part thereof?" During the hearing nothing was said about possession, but it is alleged in the complaint that the plaintiff is entitled to the immediate possession of one-third undivided interest of the tract of

5,080 acres, and describing it as lot No. 3, and admitted in the answer that defendant is in possession of the entire tract. The title of defendant to two-thirds less two-sixteenths of the land must be taken as res adjudicata, and is admitted. Hence the question is narrowed down to what may be termed the "Spence-Spruill third."

Plaintiff now claims under the following chain of title: Grant from the state of North Carolina, MacRae patent, 1776; deed from Hoskins, sheriff, to Armstead, 1809; Armstead to Daniel Sawyer, 1809. That in 1811 Daniel Sawyer conveyed the land, a third of which plaintiff claims, to John Sikes, Thomas Sikes, and Joseph Spence. Nothing need now be said of the Sikes' two-thirds; that was the subject of the controversy before referred to as being res adjudicata. That Joseph Spence in 1812 conveyed one undivided third part of the northern half of the MacRae patent, conveyed to him by Daniel Sawyer, to Samuel Spruill, which deed was recorded in the office of register of deeds of Tyrrell county in 1822. That the heirs of Samuel Spruill conveyed their interest or title to plaintiff in 1898. Defendant denies plaintiff's title from the MacRae patent, alleging that title was out of the state, the purpose for which this grant is offered, by a grant to John Gray Blount prior to the date thereof, and attacking every link in the chain of title set up by plaintiff. Defendant also denies that it claims under Daniel Sawyer or Sikes, but says its title, as decided in the case in 41 C. C. A. 528, 101 Fed. 615, was by virtue of adverse possession under color of title, and the Sawyer, Sikes, and Spence deeds were not claimed to be more than color of title. That plaintiff claimed the two-sixteenths interest which was allotted him under the same title matured by such adverse possession, and is estopped now to deny the same. That the plaintiff is further estopped by the provisions of the act of the North Carolina legislature of 1889 (chapter 243, § 2).

Much is said in the pleadings and evidence offered on the trial tending to show defendant's title, but, if he recovers at all, plaintiff must recover on his own title, good against the world. On this principle, objections to evidence offered to show defendant's title as noted in the stenographic notes herewith filed are sustained.

The act of the North Carolina legislature declaring swamp lands not listed for taxes forfeited to the board of education cannot avail defendant. It is unnecessary to decide, as urged, the constitutionality of this act. Conceding this, its purpose was not to benefit private persons or litigants, and were the question pursued, it might prove dangerous to both parties,—a two-edged sword. It is not an estoppel on plaintiff,—has no application to this controversy. Nor is it deemed necessary to decide all the interesting questions discussed in the argument.

Considering all the evidence and argument of counsel, the court answers the issue tendered by counsel and the issue formulated by the court, "No." Thereupon it is considered, ordered, and adjudged that this action be dismissed, the defendant go without day, and recover his costs herein, to be taxed by the clerk of this court. The notes taken by the court's stenographer on the hearing will be attached hereto, and filed as a part of the record.