WEST v. EAST COAST CEDAR CO.

(Circuit Court, E. D. North Carolina. July 31, 1901.)

ANCILLARY BILL—DISMISSAL.

A suit for injunction, being ancillary to an action in ejectment which has been decided against complainant, will be dismissed.

In Equity.

T. B. Womack, for plaintiff.

E. F. Aydlett and F. H. Busbee, for defendant.

PURNELL, District Judge. On July 9, 1900, complainant filed his bill in equity in aid of the action at law between the same parties. Defendant demurred, and the demurrer was sustained, with leave to complainant to amend. An amended bill was filed September 13, 1900, in which the title claimed by complainant is set out in detail: from the state of North Carolina by grant, 1776; Hoskins, sheriff, to Armstead, 1809; Armstead to Daniel Sawyer, 1809; Daniel Sawyer to John Sikes, Thomas Sikes, and Joseph Spence, 1811; Joseph Spence to Samuel Spruill, 1812; the heirs of Samuel Spruill to W. A. West, 1898. Defendant denies the validity of this title ab initio, and says even the grant to MacRae was invalid, the land therein described having been patented prior to 1796 by John Gray Blount; says Sawyer had no title, and his deed to Spence was only color of title. Estoppel is pleaded by both complainant and defendant; the decision of West v. Cedar Co., 41 C. C. A. 528, 101 Fed. 615 et seq., and Hawkins v. Cedar Works, 122 N. C. 87, 30 S. E. 13, being relied on, respectively. Defendant in a cross bill alleges, which complainant denies, that the title or interest purchased by complainant from the heirs of Samuel Spruill in 1898 was purchased by him for and in the interest of the Richmond Cedar Works, and, if the same is valid for any purpose, he should be declared a trustee for that corporation and defendant, between whom there was an agreement regarding the purchase of timber lands in North Carolina. The evidence in the action at law was by agreement of counsel to be used in this suit, and, in addition, the examination of Mr. Busbee, hereto attached, and the deposition taken in the case. The basis of the bill in this cause is the title set up in the action at law, this suit being ancillary, and in aid of that cause; the prayer being for injunctive relief, to restrain defendant from cutting timber or committing waste on the land in dispute.

The action at law having been decided adversely to complainant, that he is not the owner, or entitled to the possession, of the land described in the bill, the purpose of this suit in equity fails, and the bill should be dismissed. It is therefore considered, adjudged, and decreed (1) that the bill in equity herein, together with the amended bill and replication, be, and the same are hereby, dismissed; (2) that the injunction herein granted be, and the same is hereby, dissolved and annulled; (3) that defendant go without day, and recover of the complainant and the sureties on the prosecution bond its reasonable costs and disbursements herein to be taxed by the clerk of this court;

(4) that defendant recover of the complainant and the sureties on the injunction bond such damages as defendant has suffered by reason of the issuing of such injunction. It is further ordered by the court that this cause be referred to William M. Bond, Esq., of Edenton, N. C., who is hereby appointed special master for that purpose, to ascertain and report to this court what damages, if any, defendant has suffered by reason of the injunction aforesaid.