In re JOHNSON.

(District Court, D. Nevada. January 23, 1904.)

No. 28.

1. BANKRUPTCY—DETERMINING VALIDITY OF CHATTEL MORTGAGE—LEAVE TO SUE IN STATE COURT.

It is within the discretion of a court of bankruptcy to grant leave to the holder of a chattel mortgage given by a bankrupt to bring suit in a state court thereon, as the proper tribunal to adjudicate the question of its validity under the state laws, and to make the trustee a party defendant therein; but it may reserve the right to the trustee to sell the property in the bankruptcy proceedings, and hold the proceeds to await the decision of the state court.

In Bankruptcy. On petition of Richard Kirman for leave to bring suit in the state court to foreclose a chattel mortgage, and to make the bankrupt's trustee a party defendant in such suit.

The petition of Richard Kirman shows that on December 5, 1903, said J. M. Johnson was duly adjudged a voluntary bankrupt in this court, and that thereafter, on December 22, 1903, George A. Tyrrell was elected a trustee of said bankrupt by the creditors holding unsecured claims, and is now in charge of, and has possession of, all of the property of said bankrupt; that on May 29, 1903, said J. M. Johnson made, executed, and delivered to petitioner, Kirman, his certain promissory note, which is set out in full in the petition, for $6,314.40; that on June 4, 1903, the said Johnson, in order to secure the payment of said note, made, executed, and delivered to the petitioner a chattel mortgage upon all that certain stock of drugs, goods, wares, and merchandise, fixtures and personal property, involved herein; that on December 10, 1903, the petitioner filed a claim against said bankrupt with the referee in said bankruptcy proceedings, and the unsecured portion of said claim was duly allowed; that petitioner is informed and believes that, in order to test the validity of said mortgage, it is necessary for the petitioner to bring a suit in the proper forum to determine the question; that petitioner is desirous of bringing a suit in the district court of the First Judicial District of the state of Nevada, in and for the county of Ormsby, where said property is situate, to foreclose said mortgage, and to settle all questions touching the validity of the same, and, in order to test that question, it is necessary to make the trustee for said bankrupt a party defendant in said suit. The value of the mortgaged property, as shown in the petition of the bankrupt, is considerably less than the amount alleged to be due on Kirman's mortgage.

Mack & Farrington, for petitioner.

Torreyson & Summerfield and J. Poujade, for trustee and creditors.

HAWLEY, District Judge (orally). Without any discussion as to the proper course of the procedure taken in this case, or in any manner questioning the right of the referee primarily to dispose of all the questions arising in this case as to the allowance of the claims presented against the bankrupt, and without attempting independently to discuss the various sections of the bankrupt act (Act July 1, 1898, c. 541, §§ 2, 23a, 23b, 57a, 57b, 57e, 57h, 60b, 67e, 30 Stat. 545, 552, 560, 562, 564 [U. S. Comp. St. 1901, pp. 3420, 3431, 3443, 3445, 3449]), presented by counsel, or reviewing at any length the authorities cited by them (Hicks v. Knost [D. C.] 94 Fed. 625; In re San Gabriel Sanatorium Co. [D. C.] 95 Fed. 271; Id., 102 Fed. 310, 42 C. C. A. 369; Id., 111 Fed. 892, 50 C. C. A. 56; West v. East Coast Cedar Co.,

101 Fed. 615, 41 C. C. A. 528; Atkins v. Wilcox, 105 Fed. 595, 44 C. C. A. 626, 53 L. R. A. 118; In re Durham [D. C.] 114 Fed. 750; Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128; Lutz v. Kinney, 24 Nev. 38, 49 Pac. 453, 50 Pac. 1031), I shall content myself with a brief statement of my conclusions herein, and reasons therefor.

I am of opinion that upon the principles announced by the Supreme Court in Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and by the Circuit Court of Appeals in Re San Gabriel Sanatorium Co., 111 Fed. 892, 50 C. C. A. 56, petitioner has the right, by permission of this court, to test the question of the validity of his mortgage lien in the state court. The question rests, to some extent, at least, in the sound discretion of this court, which is to be exercised with reference to the rights of petitioner and of the creditors of the bankrupt; and the court is authorized to pursue the course which may seem meet and proper in the premises in order to impartially secure the ends of justice to all parties interested herein.

It is claimed by the creditors that the Supreme Court of this state, in Lutz v. Kinney, 24 Nev. 38, 49 Pac. 453, 50 Pac. 1031, has decided the point involved against the validity of petitioner's mortgage. Whether this be true or not, it is proper that petitioner should have the right to test the question in the state court, where the question as to the construction of the state statute properly belongs.

There is a recent decision in Equitable Loan & Security Co. v. Moss (C. C. A.) 125 Fed. 609, which, while different in its nature and character, sheds some light upon the power of the court in bankruptcy to meet emergencies as they arise. There a manufacturing company was adjudged to be an involuntary bankrupt. Its assets consisted of a cotton milling plant, which was incumbered by a mortgage to the Equitable Loan & Security Company amounting to $28,000. The value of the plant did not exceed $20,000. In the course of the proceedings in bankruptcy, the trustee was ordered to sell and dispose of the property at public or private sale. His efforts in that direction proved futile. In the meantime costs and expenses were being incurred. In short, the trustee had a "white elephant" on his hands. In this condition of affairs, the mortgagee applied for relief. The Court of Appeals ordered that petitioner was entitled to relief, that "the trustee is directed to release and surrender the possession of the mortgaged property, and that he no longer hold or seek to hold and control the same." This order was made subject to certain conditions therein named, and the decree was made "without prejudice to the right of the trustee or the creditors of the bankrupt to contest the validity of the mortgage by suit or otherwise in any court having jurisdiction."

Under all the facts and circumstances of this case, the consent of this court is hereby given to petitioner to bring suit in the state court to test the validity of his mortgage by making the trustee of J. M. Johnson a party defendant. This order is made without prejudice to the rights of creditors to proceed in the bankruptcy proceedings now pending in this court to have the property of the bankrupt sold at either private or public sale; the proceeds thereof to be deposited and remain

in the custody and under the control of this court, and to be disposed of by it after the test question of the validity of the mortgage is settled by the state court.